**The People of the State of Illinois, Plaintiff-Appellee, v. John Vandever, Defendant-Appellant.**

Gen. No. 66–42.

Fifth District.

January 14, 1967.

Rehearing denied February 8, 1967.

Robert D. Albright, of Salem, for appellant.

No brief filed in behalf of appellee.

MORAN, P. J. ·

This is an appeal from the judgment of the Circuit Court of Marion County, Illinois, sentencing the defendant, John Vandever, to confinement in the Illinois State Penitentiary for a term of not less than three nor more than ten years and denying his motion for a new trial. He had been indicted and found guilty by a jury on charges of burglary and theft.

This court wishes to commend appointed counsel for writing an excellent brief on behalf of the indigent defendant in this case. However, no answering brief has been filed in this court on behalf of the People in support of the judgment of the trial court. This default has placed an undue burden on this court and is also unfair to the trial court. Therefore, while we commend appointed counsel, we deplore the failure of the State's Attorney of Marion County to file a brief in this cause. We have had to examine the record and consider the law involved without the customary assistance of counsel for the State.

Two issues are raised for our consideration: (1) Whether the trial court erred in not granting a new trial after allegedly new evidence was discovered, and (2) whether the trial court erred in granting a single sentence for the two counts of burglary and theft, rather than a separate sentence for each count.

 "A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge and denial thereof will not be disturbed upon review in the absence of a showing of an abuse of discretion." People v. Baker, 16 Ill2d 364, 158 NE2d 1, at 373–374. In order to determine whether the trial court abused its discretion, it will be necessary to review the evidence introduced at the trial and the allegedly new evidence.

Roy E. Ross testified that, after a visit to his farm by the defendant and two other men, he noticed that certain items of his property were missing, including a screw-type

jack, a log chain, a battery charger, a five-gallon can of transmission grease, a box of tire chains, and a pressure grease gun. He also testified that he later saw the jack in a garage on the property where the defendant was living and the log chain in the rear of the defendant's car, also located on the property, and that he saw the other items at the Centralia police station, where the police had brought them after finding them at the home of Melvin Dissler. Dissler had initially been joined as a defendant with Vandever, but he had received a separate trial and had been found guilty of burglary and theft. With regard to the eight-foot log chain, Ross gave a very detailed description, stating that there were no hooks on either end, that there was a sharp dent in one of the links near the end of the chain, and that one of the links had been badly worn by having been dragged over a road.

The testimony of Ross was corroborated by the Deputy Sheriff of Marion County, who testified that he had found two chains in the car owned by the defendant, one of which Ross identified as his property.

Doris McElroy, a woman who was living on the same property as the defendant, testified that she had not seen the chain before the police found it in the rear of the defendant's car, but added that the defendant owned a chain larger than eight feet in length and that he kept it in his car.

The new evidence consisted of Melvin Dissler's testimony that the police had taken two chains from the defendant's car, one short chain owned by the defendant and one longer chain, which Dissler said that he owned and had placed in the rear of the defendant's car. Dissler described the chain as about eight feet in length, without hooks on either end, and smooth, without any identifying marks. This evidence was brought to the attention of the lower court at the hearing on aggravation and mitigation, after the jury had found the defendant guilty of burglary and theft.

■■ "To warrant a new trial, the new evidence must be of such conclusive character that it will probably change the result on retrial, that it must be material to the issue but not merely cumulative, and that it must have been discovered since the trial and be of such character that it could not have been discovered prior to the trial by the exercise of due diligence." People v. Baker, supra, at page 374. We do not believe that the new evidence would change the result on retrial. Melvin Dissler testified that the chain he owned had no identifying marks, except that there were no hooks on the ends. He said that the chain was smooth. Roy Ross, on the other hand, identified and described the chain which was taken from his property, indicating there were two clear identifying marks. Then too, as the trial court pointed out, "Anything this witness would say about this case would be considered of very little or no value as far as the Court is concerned, after he himself has already been sentenced." In view of these factors, we believe that the trial court acted within its discretion in refusing to grant a new trial.

The contention that the defendant should have been sentenced on each of the two counts separately is answered in People v. Schlenger, 13 Ill2d 63, 147 NE2d 316.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.