THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY DEMOS, Defendant-Appellant.

(No. 55327; )

First District—December 29, 1971.

Blacher, Nellis & Fagel, of Chicago, (William J. Nellis, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, of counsel,) for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Defendant, Gregory Demos, was charged with the theft of a suitcase from an airline terminal. After a bench trial, he was found guilty and admitted to probation for a term of one year. The sole issue raised on appeal is whether defendant was proven guilty of theft beyond a reasonable doubt.

On January 15, 1970, at about 3:15 in the morning, defendant parked his automobile at the east end of terminal 3 at O'Hare International Airport. A security officer for North Central Airlines testified that he observed defendant get out of his car, walk to the end of the terminal and take a suitcase from the interline conveyor belt linking North Central's terminal to other airlines. The defendant then returned to his automobile and placed the suitcase in his auto's trunk. Defendant was stopped by the security officer and the police were summoned. Defendant testified that he put the bag in his car for safekeeping, intending to later turn it over to the lost and found which was closed at that hour.

On June 12, 1970, defendant was tried without a jury, found guilty of theft and admitted to probation for one year. It is from that judgment that defendant appeals.

The Statute under which defendant was charged provides in part:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner * * * and

(1) Intends to deprive the owner permanently of the use or benefit of the property * * *." Ill. Rev. Stat. 1969, ch. 38, par. 16—1.

On appeal, defendant contends that he was not proven guilty beyond a reasonable doubt because the State failed to prove the ownership of the suitcase and such failure is fatal to any theft prosecution.

■■ The law is well settled that proof of the ownership of property allegedly stolen is a necessary element of a theft prosecution. (*People v. Smith*, 341 Ill. 649, 651.) "Owner" is defined in section 15—2 of our Criminal Code as:

"* * * a person, other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the

offender has no authority to exert control over the property." Ill. Rev. Stat. 1969, ch. 38, par. 15—2.

For the purpose of establishing ownership for a theft prosecution it is sufficient to demonstrate some possessory interest in the property at the time of the offense, such as an agency or bailment. *People v. Hansen,* 28 Ill.2d 322, 338—39; *People v. Dell,* 77 Ill.App.2d 318, 323.

■■ In the instant case, the trial court heard the evidence and listened to defendant's argument that no bailment of the suitcase to North Central was demonstrated and that therefore no ownership had been proven. The court specifically rejected defendant's contention, however, and found that there had been a bailment of the suitcase and that the requisite ownership for a theft prosecution was demonstrated. A court of review will not substitute its judgment for that of the trier of fact unless the evidence is so improbable or unreasonable as to leave a reasonable doubt. (*People v. Rush,* 126 Ill.App.2d 136, 143.) After a careful review of the record before us, we find that the trial court did not abuse its function in this instance.

The judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.