THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL DAVIS, Defendant-Appellant.

(No. 55105; 

First District—April 19, 1972.

*Rehearing denied April 26, 1972.*

Melvin M. Landau, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Richard A. Redmond, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant, Michael Davis, was charged with theft of services from the Chicago Transit Authority for entering an elevated train platform without paying a fare. He was convicted in a bench trial and fined twenty dollars plus five dollars in costs. The issues on appeal are:

(1) whether the evidence established defendant's guilt beyond a reasonable doubt;

(2) whether defendant was properly charged with theft of services pursuant to section 16—3 of the Criminal Code, or whether defendant should have been charged merely with the violation of Ordinance 12 of the Chicago Transit Authority relating to non-payment of fares; and

(3) whether the court erred in refusing to hear evidence relating to defendant's intention to pay the fare at a subsequent station.

The facts are as follows:

On December 18, 1969, the defendant, a youth 17 years of age, left his place of employment at quitting time and went to a currency exchange to purchase a money order for his rent payment. He then went to the Chicago Transit Authority [C.T.A.] station at Cicero Avenue in Cicero, Illinois, where he stood in line at the ticket seller's cage for approximately 15 minutes. Defendant testified that he had to make his rent payment by 4:00 P.M. to avoid eviction, and that he was late. Two trains had passed while he stood in line, and as the third train approached there were still about 30 people ahead of him in line. Defendant then moved around the ticket agent and entered the C.T.A. train platform without paying his fare.

A C.T.A. policeman apprehended defendant as he was about to enter the train. Defendant explained to the officer that he was required to take another train and another bus before reaching his destination, and

that he intended to pay his fare at that time. The C.T.A. policeman then arrested the defendant and charged him with theft of services in violation of section 16—3 of the Criminal Code.

On February 2, 1970, defendant was tried without a jury, found guilty of theft of services, and fined $20.00 and assessed $5.00 in costs. It is from that judgment that defendant appeals.

Defendant's initial contention on appeal is that he was not proven guilty of the theft of services from the C.T.A. beyond a reasonable doubt. The trial judge found defendant guilty in violation of section 16—3 of the Criminal Code. Section 16—3 provides:

"§ 16—3. Theft of Labor or Services or Uses of Property.

(a) A person commits theft when he obtains the temporary use of property, labor or services of another which are available only for hire, by means of threat or deception or knowing that such use is without the consent of the person providing the property, labor or services." (Ill. Rev. Stat. 1969, ch. 38, par. 16—3.)

■■ The theft of services statute provides that one commits theft when he *obtains* the use of the services of another without the consent of the person providing those services. The word "obtain" is defined in relation to labor or services as "* * * to secure the performance thereof." (Ill. Rev. Stat. 1969, ch. 38, par. 15—7.) In the instant case, the record demonstrates that the defendant apparently attempted to obtain the services of the C.T.A. without its consent. It is clear, however, that the defendant did not actually obtain said services as he was apprehended before boarding a train. Defendant might have been convicted of attempt to secure the services of the C.T.A., but as one of the elements of the offense charged, *i.e.*, obtaining the services, was absent, he should not have been convicted of the substantive crime.

■■ A court of review will not substitute its judgment for that of the trier of fact unless the evidence is so improbable or unreasonable as to leave a reasonable doubt. (*People v. Demos*, 3 Ill.App.3d 284, 278 N.E.2d 89.) In the case at bar, however, while defendant might well have trespassed upon C.T.A. property, or attempted to illegally obtain services, our examination of the record reveals no evidence that defendant actually obtained the services of the C.T.A., the crime for which he stands convicted.

The decision of the Circuit Court of Cook County must thus be reversed. We therefore find it unnecessary to go into defendant's other contentions on appeal.

Judgment reversed.

DIERINGER, P. J., and BURMAN, J., concur.