762

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE DRAKE, Defendant-Appellant.

(No. 59091;

First District (1st Division)—June 17, 1974.

*Rehearing denied July 17, 1974.*

Harry S. Weber, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Jerald A. Kessler, and William Linkul, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

George Drake, defendant, was charged with the offense of theft of certain tires allegedly owned by Fast Motor Service, Inc., in violation of section 16—1(a)(1) of the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 16—1.) After a bench trial, the defendant was found guilty and placed on probation for 1 year.

On appeal, the defendant contends that the State failed to prove beyond a reasonable doubt that the tires were owned by Fast Motor Service, Inc.; that the trial court erred in admitting certain evidence introduced by the State and in rejecting certain evidence offered by the defendant; that the State failed to prove beyond a reasonable doubt that the defendant had possession or control over the tires allegedly owned by Fast Motor Service, Inc.; and that the trial court abused its discretion in not granting the defendant a new trial on the basis of alleged newly discovered evidence.

The facts are as follows: Wesley Clark, testifying for the State, said that on December 20, 1972, he was a director and the purchasing agent for Fast Motor Service, Inc. (hereinafter designated as F. M. S.), and on that date, he went to the Diesel Hydraulic Company, 1612 South Prairie Avenue, Chicago, to inquire concerning a tractor that F. M. S. was having repaired. He testified he noticed another tractor owned by the defendant and leased by him to F. M. S. was also there for repair; that F. M. S. had, in the past, been beset by thefts of tires from its vehicles; and that he inspected the tires on defendant's tractor and discovered that three of the tires on defendant's tractor were marked with the legends "FMS 674," "FMS 1497" and "FMS 1501," respectively. Mr. Clark said that when F. M. S. purchased tires for its vehicles it branded each one with the mark "FMS," followed by a number, one number to a tire, by means of a tire branding iron; that he called the F. M. S. office and was told that the numbers "674," "1497" and "1501" were listed in the company's records as belonging to F. M. S.; that he then called the Chicago Police Department and pointed out the tires of F. M. S. on the defendant's tractor; and that the police put that fact in their report.

Mr. Clark stated he contacted the defendant, who came to his office the following Saturday; that Mr. Clark asked defendant where he got the tires; and that the defendant stated that he had purchased the tires, but refused to say where he purchased them nor did he produce a receipt for their purchase. Mr. Clark also stated he was the only one who could authorize the placement of tires on tractors leased by F. M. S.; and that he never authorized the placement of F. M. S. tires on defendant's tractor by the defendant or anyone else.

Mr. Clark further stated that 3 or 4 months later, about 1 week before trial, he went to defendant's house but did not find any F. M. S. tires on the tractor at that time. Mr. Clark said the value of the tires was less than $150.

Police Officer John Bright of the Chicago Police Department testified that he and his partner responded to Mr. Clark's call from Diesel Hydraulic on September 20, 1972; that he inspected the tires Mr. Clark told him belonged to F. M. S.; and that he completed a report in which his observations of the F. M. S. markings and numbers on the tires, and Mr. Clark's claims concerning the rightful owner of those tires, were noted. Officer Bright marked at the top of the report that the claim was "non-founded." He said the reason for so stating was that Mr. Clark had only made an allegation that the tires rightfully belonged to F. M. S. and at that particular time he had no proof that F. M. S. was the owner. Officer Bright also stated that the reason the report was labeled "non-

founded" was that F. M. S. was located in Hodgkins, Illinois, which is outside the jurisdictional limits of the Chicago Police Department.

Defendant testified that the tires which he had been accused of stealing had actually been purchased by him, along with other tires, on two separate occasions at two separate locations. He produced a paper dated April 12, 1972, purporting to be a receipt for four tires purchased in Elmhurst, Ohio, and a paper dated July 23, 1972, purporting to be a receipt for five tires purchased in Knoxville, Tennessee. On cross-examination, defendant stated that he alone drove his tractor; that he did not know the tires on his tractor had an F. M. S. brand on them; that no one else had authority to put tires on the tractor; that he had been asked by F. M. S. to produce any receipts or other proof of purchase by him for the tires; and that he had made an appointment to see Frederick Stevens, the F. M. S. General Manager, approximately 1 month after receiving the F. M. S. communication, but did not see him until sometime later at a State Labor Board meeting. The defendant further testified that he inspected the tires at the time he purchased them; that there were no brand numbers on the tires; and that he is familiar with the F. M. S. brand.

After the defendant was found guilty he filed a motion for a new trial on the basis of newly discovered evidence. The record does not contain the motion for a new trial. However, a hearing on the motion for a new trial was held on April 10, 1973. At the hearing, Police Officer Herman Vanderwood of the South Holland Police Department testified that on January 30, 1973, in response to a request of him by defendant, he made an investigation at a Union 76 truck stop on the Calumet Expressway; that the investigation consisted of the inspection of an F. M. S. tractor, parked at the truck stop; and that he found that two tires on the tractor had markings "FMS 1497" and "FMS 1501," respectively, on them.

The defendant testified at the April 10, 1973, hearing that on March 18, 1973, he found the third tire he was accused of taking on an F. M. S. tractor in the F. M. S. parking lot at Hodgkins, Illinois; that the tire had brand number "FMS 674"; and that he made a report of this investigation to Police Officer William Degno of the Hodgkins Police Department.

The trial court denied the motion for a new trial and placed the defendant on 1-year probation.

The defendant argues that the State failed to prove that the tires on the defendant's tractor belonged to F. M. S.

■■ In a prosecution for theft, ownership or some sort of superior

possessory interest in one other than the defendant is an essential element of the offense. *People v. Demos,* 3 Ill.App.3d 284, 278 N.E.2d 89.

In the instant case, Wesley Clark, director and purchasing agent for F. M. S., testified that F. M. S. followed a strict branding procedure in regard to each new tire it purchased; and that each tire was branded with the mark "FMS" followed by a number, one number to a tire, by means of a tire branding iron. Mr. Clark said he called the F. M. S. office and was told that the numbers 674, 1497 and 1501 branded on the tires on the defendant's tractor were listed in the company's records as belonging to F. M. S.; and that there was no authorization for the placement of said tires on the defendant's tractor.

■■ The defendant produced two sets of receipts for a total of nine tires. However, the defendant introduced no evidence showing that the purchased tires bore brand numbers FMS 674, 1497 and 1501, and to the contrary testified that at the time he purchased the tires, he inspected them and that there were no brand marks on the tires. Defendant stated that the purchased tires were on his tractor on December 20, 1972. On the other hand, Mr. Clark testified that the tires were owned by F. M. S. and were wrongfully on the defendant's tractor. The fact that the tires bearing F. M. S. brand and numbers 674, 1497 and 1501 were on the defendant's tractor on December 20, 1972, was corroborated by Police Office John Bright. In view of the foregoing, it cannot be said that the State failed to prove that the tires were the property of F. M. S. *People v. Rogers,* 16 Ill.2d 175, 157 N.E.2d 28; *People v. Gordon,* 5 Ill.2d 91, 125 N.E.2d 73.

The defendant also argues that the trial court wrongfully admitted certain evidence presented by the State and on the other hand wrongfully refused to admit certain evidence offered by the defendant. The defendant stated that the State wrongfully was permitted to ask leading questions of Mr. Clark concerning the receipt defendant stated he had for the purchase of the tires. On the other hand, the defendant contends that it was error for the trial court not to permit the defendant to prove that Frederick Stevens, the general manager of F. M. S., viewed the receipts for the tires purchased by the defendant prior to trial.

■■ The propriety of allowing leading questions is within the sound discretion of the trial court, and is not a ground for reversal unless it appears that this discretion has been abused and has resulted in substantial injury to the defendant. (*People v. Brooks,* 52 Ill.App.2d 473, 202 N.E.2d 265.) In the case at bar, the defendant has failed to show that the alleged leading questions to Clark concerning the defendant's receipts for the tires he purchased resulted in injury to the defendant. It was not reversible error for the trial court to refuse to permit the de-

fendant to testify that Mr. Stevens, the general manager of F. M. S., viewed the receipts for the tires prior to the trial. Such testimony was merely corroboration of the evidence that the defendant purchased certain tires. Moreover the receipts for the purchase of nine tires by the defendant were introduced into evidence. It is apparent that even if the trial court erred in rejecting evidence offered by the defendant, there is no showing of injury.

■■ The defendant objects to the testimony of Mr. Clark that the defendant's tractor was leased to F. M. S.; and that F. M. S. had, in the past, been beset by thefts of tires from its vehicles. We are of the opinion that defendant's objection to Mr. Clark's testimony concerning the lease on the basis that it was a "conclusion on the part of the witness" should have been sustained. In addition, the defendant's objection on relevancy grounds to the testimony concerning prior thefts of tires at F. M. S. should also have been sustained. However, as this court stated in *People v. Jackson,* 95 Ill.App.2d 193, 199, 238 N.E.2d 196, 199:

> "[T]he admission of inadmissible evidence which would otherwise be considered prejudicial in a jury trial, will not be considered prejudicial in a bench trial unless it affirmatively appears of record that the trial judge placed reliance thereon in arriving at his judgment. See *People v. Robinson,* 30 Ill.2d 437, 197 N.E.2d 45; *People v. Smith,* 55 Ill.App.2d 480, 488, 204 N.E.2d 577."

The record in this case does not reveal that the court in any way relied upon this evidence and under these circumstances, we are of the opinion that the admission of this testimony was not prejudicial to the defendant.

■ The defendant also argues that the State has failed to prove beyond a reasonable doubt that the defendant had possession or control over the tires which allegedly were owned by F. M. S. Defendant argues that despite Mr. Clark's discovery of the tires owned by F. M. S. on defendant's tractor on December 20, 1972, he failed to "take the tires that day." The fact that Mr. Clark did not instantaneously remove the tires from defendant's tractor when he discovered the F. M. S. brand and serial numbers does not negate the fact that the tires were found on the tractor which defendant admitted he owned and which was within his exclusive possession and control.

■■ Finally, the defendant argues that the trial court erred in denying his motion for a new trial.

The testimony received in the hearing of the motion for a new trial will be reviewed to determine if the trial court erred in refusing to grant the defendant a new trial. Police Officer Herman Vanderwood of the South Holland Police Department testified that on January 30, 1973, he inspected an F. M. S. tractor and found that two tires on the tractor

had markings "FMS 1497" and "FMS 1501," respectively. The defendant also testified at the hearing on the defendant's motion for a new trial that on March 18, 1973, he found the third tire he was accused of taking on an F. M. S. tractor, brand number "FMS 674," in the F. M. S. parking lot at Hodgkins, Illinois. The trial court denied the motion for a new trial.

In *People v. Holtzman*, 1 Ill.2d 562, 569, 116 N.E.2d 338, 342, the court said:

> "[T]he burden is upon the applicant to rebut the presumption that the verdict is correct and to show there has been no lack of diligence. The matter is largely discretionary with the trial court, and the exercise of its discretion will not be disturbed except in case of manifest abuse."

To warrant a new trial, the newly discovered evidence must be of such conclusive character that it will probably change the result on retrial. (*People v. Vandever*, 79 Ill.App.2d 97, 233 N.E.2d 273; *People v. Reese*, 54 Ill.2d 51, 294 N.E.2d 288.) The evidence introduced by the defendant on the hearing of the motion for a new trial was not such that the judgment would likely be different on a retrial. The fact that two tires ("FMS 1497" and "FMS 1501") were seen on an F. M. S. vehicle *15 days after* defendant's conviction and the third tire ("FMS 674") on an F. M. S. tractor in the parking lot more than *2 months after* defendant's conviction is not evidence of such a conclusive nature as to produce a different result on retrial.

A review of the complete record discloses a conflict in the evidence. Mr. Clark, a director and purchasing agent for F. M. S., testified that on December 20, 1972, he saw the defendant's tractor at the Diesel Hydraulic Company and discovered that three of the tires on defendant's tractor were marked with numbers "FMS 674," "FMS 1497" and "FMS 1501"; that said tires were owned by F. M. S.; and that they were on the defendant's tractor without the permission and consent of F. M. S. Police Officer John Bright of the Chicago Police Department corroborated Clark's testimony that tires bearing brand numbers "674," "1497" and "1501" were on the tractor owned by the defendant.

On the other hand, the defendant introduced evidence to the effect that he had purchased the tires, and introduced receipts for the purchase of nine tires, but stated he examined the tires at the time of purchase and there were no brand numbers on the tires. At the hearing on the motion for a new trial, evidence was introduced that on January 30, 1973, two tires bearing markings "FMS 1497" and "FMS 1501" were found on a tractor owned by F. M. S.; and that on March 18, 1973, a tire bearing brand number "FMS 674" was found on an F. M. S. tractor in the F. M. S.

parking lot at Hodgkins, Illinois. The net result of this testimony is that Clark testified the disputed tires belonged to F. M. S. and were wrongfully on the defendant's tractor, while the defendant's testimony is to the effect that the tires were always in the possession of F. M. S.

In a bench trial, it is the responsibility of the trial judge to determine the credibility of the witnesses and the weight to be given their testimony, and unless the evidence is so unsatisfactory as to raise a reasonable doubt as to the defendant's guilt, the finding of the trial judge will not be disturbed. (*People v. Bracey,* 129 Ill.App.2d 57, 262 N.E.2d 748; *People v. Catlett,* 48 Ill.2d 56, 268 N.E.2d 378; *People v. Simental,* 11 Ill.App.3d 537, 297 N.E.2d 356.) In the case at bar, there is sufficient evidence to sustain the judgment.

The judgment is affirmed.

Judgment affirmed.

EGAN, P. J., and HALLETT, J., concur.