THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LORENZO BROWN, Defendant-Appellant.

First District (4th Division)   Nos. 77-311, 77-391 cons.

Opinion filed December 22, 1977.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Myra J. Brown, and Armand L. Andry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Lorenzo Brown, defendant, was found guilty of misdemeanor theft (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)) after a bench trial in the circuit court of Cook County and was sentenced to 6 months in the Cook County Department of Corrections. He was also charged with the offense of criminal trespass to a vehicle (Ill. Rev. Stat. 1975, ch. 38, par. 21—2), but was found not guilty on that charge. Defendant appeals that conviction under General Number 77-391, and he contends that the State failed to prove beyond a reasonable doubt that he knowingly obtained unauthorized control over the property or that the property belonged to the complaining witness. He also contends that the trial court's findings on the two charges were inconsistent and that he was denied his constitutional right to effective assistance of counsel.

Prior to his conviction in General Number 77-391, the defendant was also placed on 3 years probation in the circuit court of Cook County upon a plea of guilty to a charge of theft. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1).) Within the period of probation, the State filed a petition to revoke the probation on the grounds that defendant had been arrested for and was charged with the theft and criminal trespass to a vehicle involved in No. 77-391. The State filed a supplemental petition which updated the grounds for revocation, demonstrating that defendant had been found guilty and sentenced for that theft. After a hearing on the original and supplemental petitions before the same judge who had imposed the probationary sentence, a finding of a violation of probation was entered and defendant was sentenced to a term of 1 year to 3 years in the State Department of Corrections. Defendant appeals that judgment in General Number 77-311 and contends that the State failed to demonstrate that he was the same person who was convicted of the subsequent theft, and that a reversal of that subsequent conviction would require reversal of the instant judgment. In light of our disposition of the appeal in No. 77-391, it is unnecessary to consider defendant's second contention raised in No. 77-311.

At the trial of the theft judgment appealed in No. 77-391, Louis Colquitt testified that when he left for work at 6:30 a.m. on June 10, 1976, his 1966 Ford station wagon was parked in the front yard of his home at 13539 Claire, Robbins, Illinois. When he returned about 5:30 p.m. that day, the car was gone. He testified he contacted his wife who said she did not

move the vehicle, whereupon he notified the police and commenced a search for the vehicle. He located the car at a junkyard on 135th Street about 6 p.m. and informed the police of this fact. Mr. Colquitt further related he had contracted to sell the car to Marcus Rubio sometime before, but that the vehicle had been only partially paid for over that time because of Rubio's unsteady employment status. Mr. Colquitt testified that he retained title to the vehicle. He also testified that neither he nor his wife gave permission to remove the car from the yard, and that the vehicle was worth about $150. The record discloses that Mr. Rubio was present in the courtroom during trial and was identified by defense counsel as a defense witness.

Village of Robbins police officer Willie Larks testified that he responded to a radio dispatch relating to the theft of the vehicle and proceeded to the junkyard where he had a conversation with Chuck Robinson. He then went to defendant's home, placed him under arrest, transported him to the police station, and advised him of his constitutional rights. At the station, and in the presence of Mr. Colquitt, the complaining witness, the officer informed defendant that Colquitt had been told by Mr. Robinson that he (defendant) brought the car to the junkyard and sold it to Robinson, but did not have the title at that time and promised to return with it. The officer testified that defendant thereupon told him that he towed the vehicle to the junkyard with a tow truck where he sold it, because he thought the car belonged to a friend who was in jail and who needed money from the sale to secure his release on bond. The officer stated that the door to the vehicle had been "punched," but that its ignition system was intact; the defendant had no keys to the vehicle. He also related that the location from which the car was taken was a trailer park in a residential area, that each trailer had individual parking spaces for cars, but he did not know the distance between each trailer.

Defendant testified in his own behalf. He related that he received a telephone call from either Rubio's wife or fiancee, requesting that defendant move Rubio's car because it was parked in a location which interfered with remodeling work on a house, and the village was threatening to tow the vehicle. Defendant said the person making the call resided in the trailer court near the Colquitt trailer. He also testified that he had assumed the car in question belonged to Marcus Rubio, because he had seen Rubio driving the vehicle over the past several weeks and had himself ridden in the vehicle with Rubio. Defendant testified that he went to the location of the car, but found it parked on the street in the trailer court rather than at the remodeling site. He went to the trailer of Rubio's wife, or fiancee, who was not home; he then went to the junkyard but Robinson was not available; and he then went home. He telephoned Robinson later and asked him to tow the vehicle to the junkyard. He

admitted that he was told by Rubio's agent simply to move the vehicle, that he was not told he could sell the car, but that he did in fact sell the vehicle to Robinson. He denied telling Officer Larks he sold the car to obtain bail money for his friend.

Defendant contends that the State failed to prove beyond a reasonable doubt that he knowingly obtained unauthorized control over the vehicle or that the vehicle belonged to the complaining witness.

■■ ■ A person commits the offense of theft when he knowingly obtains or exerts unauthorized control over property of the owner and intends to deprive the owner permanently of its use or benefit. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1).) An owner is defined in pertinent part by the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 15—2) as a person, other than the defendant, who has possession of or any other interest in the property and without whose consent the defendant has no authority to exert control over the property. The requisite mental state for theft may be deduced by the trier of fact from the facts and circumstances surrounding the alleged criminal act. (*People v. Campbell* (1975), 28 Ill. App. 3d 480, 484, 328 N.E.2d 608, 612.) And, in a bench trial, the trial court's determination of the witnesses' credibility and the weight to be afforded their testimony will not be disturbed unless palpably erroneous; in this regard, the reviewing court will not focus on isolated instances of testimony but will, rather, examine the evidence as a whole. *People v. Fabian* (1976), 42 Ill. App. 3d 934, 936-37, 356 N.E.2d 982, 985.

■■ The State's evidence demonstrated that the Colquitt automobile was parked in the owner's front yard and was removed at the defendant's instance without the owner's permission. Defendant also attempted to sell the vehicle although, by his own admission, he had no authority to do so. And this latter circumstance militates against his claim that he believed the car belonged to Mr. Rubio and that he received permission from Rubio's agent to remove the car. The evidence viewed as a whole demonstrates defendant's intent to steal the vehicle.

We also note that the evidence proved ownership of the car in Mr. Colquitt as well as the right to possession. The vehicle was in the Colquitt yard when removed. Although Colquitt had contracted to sell the vehicle to Rubio several weeks before, Colquitt retained title to the vehicle. And, if Rubio had a possessory interest in the car superior to that of its owner, reasonable inferences dictate that Colquitt would not have immediately reported the car stolen when he learned it was missing, but would have contacted Rubio to determine whether he had removed the vehicle. The evidence demonstrated a possessory right to the car in the complaining witness superior to that of the defendant. See *People v. Tucker* (1976), 35 Ill. App. 3d 630, 342 N.E.2d 395; *People v. Demos* (1971), 3 Ill. App. 3d 284, 278 N.E.2d 89; Ill. Rev. Stat. 1975, ch. 38, par. 15—2.

Defendant also claims the findings of the trial court were inconsistent. He says that criminal trespass to a vehicle, of which he was found not guilty, involved entering the Colquitt vehicle knowingly and without authority. He also says that the theft conviction involved proof of the same two elements, and that he was found guilty of theft.

The trial court's findings are not inconsistent. The facts failed to demonstrate that defendant entered the Colquitt automobile, which was necessary for a finding of guilt under the criminal trespass statute, but the evidence did demonstrate that defendant caused the vehicle's removal from the Colquitt property to the junkyard for the purpose of sale. This was sufficient for a finding of guilty under the theft statute.

Defendant finally contends that he was denied the right to effective assistance of counsel. He says defense counsel failed to object to numerous leading questions and questions calling for hearsay testimony. He also complains that counsel failed to move to suppress his pretrial statements to the arresting officer, and that counsel failed to file any motions at the close of the State's case and at the close of all the evidence.

■■ The questions asked by the State of its witnesses which are here complained of by defendant as grounds of inadequate assistance of counsel related to matters to which defendant himself later testified and which also formed the basis of his defense. He was represented by retained counsel who was undoubtedly familiar with defendant's theory of the case. Objections to the questions here advanced by defendant would have been baseless, in light of defendant's theory of the case, and it is clear that defense counsel's inaction in that regard was tactical and judgmental. Matters of judgment, trial tactics, and trial strategy will not form the basis for a claim of incompetence of counsel unless the trial had thereby been reduced to a farce or sham. *People v. Meeks* (1975), 27 Ill. App. 3d 144, 146-47, 326 N.E.2d 413, 415.

■■■ We likewise reject defendant's claim that his counsel's failure to move to suppress his statements to the arresting officer and his failure to file motions at the close of the State's case and at the close of all the evidence constituted ineffective assistance of counsel. Failure to file a motion to suppress does not constitute incompetence of counsel (*People v. Green* (1967), 36 Ill. 2d 349, 351-52, 223 N.E.2d 101, 103), nor does the failure to file a motion for a directed finding at the close of the State's case (*People v. Anthony* (1963), 28 Ill. 2d 65, 70-72, 190 N.E.2d 837, 840-41). Further, the reason why no post-trial motion was filed by defense counsel is not clear, but defendant cannot claim prejudice in this regard since such motion was in fact timely filed by counsel other than defense counsel. As noted in the *Anthony* case, at pages 71-72, it does not appear that anything

defense counsel did or failed to do could have affected the outcome of this case.

In the cause involved in appeal No. 77-311, defendant entered a plea of guilty to another theft on January 26, 1976, and was placed on probation for a period of 3 years. The State later filed its original petition seeking revocation of that probation on the grounds that defendant was arrested on June 10, 1976, and charged with the auto theft and criminal trespass to the Colquitt vehicle. Attached to the petition were certified copies of defendant's probation record and the arrest report and complaint involving the Colquitt matter. Subsequently, a supplemental petition seeking revocation of defendant's probation was filed, alleging that defendant was convicted and sentenced for the theft of the Colquitt vehicle. Attached to the supplemental petition were certified copies of defendant's probation record and the complaint and "half-sheet" in the Colquitt matter.

During the hearing on these petitions, a probation officer testified that defendant had been placed on probation on January 26, 1976. He further related that he subsequently received a certified copy of the Colquitt theft conviction, but he admitted that he was not defendant's probation officer and was not present in the courtroom during the trial of the Colquitt case. A defense objection to admission into evidence of the Colquitt conviction on the ground that this defendant was not shown to be the same person who was convicted in that case was denied. The trial court found a violation of probation "based upon the certified copy of the record" in the Colquitt case which demonstrated that defendant was found guilty of theft and sentenced to a term of 6 months incarceration.

In the posture of these two appeals, defendant's contention that he was not shown to be the person convicted in the Colquitt matter would appear anomalous. However, due to the importance of the question presented, we will consider that issue.

We disagree with defendant's claim that the record fails to demonstrate he was the same person convicted in the Colquitt matter so as to establish a violation of the terms of his probation by a preponderance of the evidence.

■■■ Defendant's probation record shows his address as 3910 Lincoln Lane, Robbins, Illinois. The arrest warrant charging him with a violation of his probation lists that address as his residence, and also lists his social security number and his driver's license number. The certified copy of the conviction record in the Colquitt case contained the arrest report made by the Robbins Police Department upon defendant's arrest for the theft of the Colquitt vehicle. The arrest report named Lorenzo Brown as the arrestee, and listed his address as 3910 Lincoln Lane, Robbins, Illinois.

The arrest report also detailed the same social security number and driver's license number as the probation violation arrest warrant. The arrest report and the arrest warrant, dated almost 5 months apart, detailed similar physical descriptions of the defendant, and although there exists a discrepancy in the dates of birth detailed in the respective documents, this may be explained as an apparent error by transposition of numbers. When the record in the case is viewed in its entirety, there is no doubt that this defendant is the same person who was convicted in the Colquitt matter. And use of a certified copy of a conviction is permissible to establish a violation of probation. (*People v. Haak* (1975), 26 Ill. App. 3d 1031, 1033-34, 325 N.E.2d 423, 425.) The case of *People v. Lewis* (1975), 28 Ill. App. 3d 777, 329 N.E.2d 390, cited by defendant, is inapposite to the instant circumstances.

As we have noted, it is unnecessary to consider defendant's second contention raised in No. 77-311 in light of our disposition in No. 77-391.

For these reasons, the judgments entered by the circuit court of Cook County in General Numbers 77-311 and 77-391 are affirmed.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.