*In re* W. S., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* W. S., Respondent-Appellant.)

Fifth District   No. 78-114

Opinion filed July 12, 1979.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CHARLES E. JONES delivered the opinion of the court:

W. S., a minor, appeals from a judgment in the circuit court of St. Clair County revoking his probation and committing him to the Department of Corrections. He raises two issues on appeal: (1) whether

the evidence adduced at the juvenile adjudication based on theft of corporate property was sufficient to prove the corporate existence of the owner by a preponderance of the evidence; (2) whether the trial court erred in failing to make a determination on the record that the best interests of the minor required an adjudication of wardship.

The minor was declared a ward of the court following an adjudicatory hearing held on January 27, 1977, and was placed on two years probation. On November 21, 1977, a petition was filed to revoke probation. The petition alleges that W. S. committed theft on November 3 by obtaining unauthorized control over "the property of Jean Nicole, a corporation doing business in St. Clair County * * *."

At the hearing on the petition, a witness testified that as he was leaving the St. Clair Square Shopping Center he observed the minor and another young man walking down a hall in the shopping mall carrying coats with the tags still on the sleeves. When the two young men got outside, the witness saw them throw the coats into or behind a large "dumpster" garbage can. The men then ran into the Sears store. The minor was arrested shortly thereafter.

Sandra Sutter, a clerk at Jean Nicole testified that several of the coats retrieved from the "dumpster" were similar to coats sold at Jean Nicole. She stated that the tags were similar to those used at the store as well. On cross-examination she testified that she observed the minor in the store on November 3.

Kathleen Eckert testified that she was an assistant manager at Jean Nicole. She identified the minor and remembered waiting on him with respect to certain leather coats on November 3.

Detective Dean Floyd, a juvenile officer with the Fairview Heights Police Department, read a statement he took from the minor on the day of the theft.

"Q. Were you at the St. Clair Square Mall today in Fairview Heights?
A. Yes.
Q. Why were you there?
A. I was going to shoplift some leather coats.
Q. From where did you get the leather coats?
A. I don't know the name of the store but it didn't have anything but leather coats."

At the close of the State's case, the minor moved for a directed verdict on the ground that there had been a failure to prove corporate existence or ownership of the goods. The motion was denied and the trial court revoked probation.

The minor contends that the corporate existence of Jean Nicole was

not proved by a preponderance of the evidence presented at the hearing. We agree.

■■ In any prosecution for theft the State must allege and prove ownership in the property stolen in one other than the accused. (*People v. Demos* (1971), 3 Ill. App. 3d 284, 278 N.E.2d 89.) Where the ownership of stolen property is alleged to be in a corporation, the legal existence of the corporation is a material fact and must be proved in order to secure a successful theft prosecution. Such proof may be by a corporate charter, by a certified copy of a corporate charter or by evidence establishing a *prima facie* case for corporate existence. (*People v. Gordon* (1955), 5 Ill. 2d 91, 125 N.E.2d 73.) In the absence of evidence to the contrary, corporate existence may be shown orally by a person with knowledge of the fact. *People v. DeBartolo* (1975), 24 Ill. App. 3d 1000, 322 N.E.2d 251.

■■ In the case at bar neither a corporate charter of Jean Nicole nor a certified copy of one was introduced into evidence at the hearing. There was no oral testimony asserting the corporate existence of Jean Nicole. The State has failed to prove a material element in its case against the minor. The State relies on *People v. Berland* (1979), 74 Ill. 2d 286, 385 N.E.2d 649, for their assertion that the court may take judicial notice of the corporate existence of Jean Nicole. However, it is our perception that *Berland* is inapplicable here on its facts. The supreme court in *Berland* gave no indication that it was in any way departing from the standards of *People v. Gordon.* Absent proof of corporate existence defendant does not have protection from double jeopardy. Accordingly, the judgment revoking probation on the basis of theft must be reversed.

■■ The next issue on appeal is whether the trial court erred in failing to make a determination that the interest of the minor would be best served by adjudicating him a ward of the court. This issue refers to the adjudicatory hearing held on January 27, 1977. We need not consider this issue because it is beyond the scope of the notice of appeal, which referred only to the probation revocation. Thus, the issue is not properly before this court.

Reversed.

KUNCE and KASSERMAN, JJ., concur.