THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD FARELLA, Defendant-Appellant.

Second District   No. 78-271

Opinion filed December 7, 1979.

Wayne B. Flanigan, of Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Raymond J. McKoski and Fred L. Foreman, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Defendant, Gerald Farella, was convicted by a jury of theft of over $150 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(d)(1)) for buying a stolen chain saw from a thief, and was sentenced to 2 years' probation and payment of court costs. He appeals.

On August 8, 1977, Oscar Cooper stole a new electric typewriter from the Waukegan Typewriter Company. Cooper testified that he and his accomplices took the stolen typewriter to the defendant's place of

business, a towing company and auto junk yard in North Chicago, where Cooper sold defendant or defendant's wife the typewriter for $60. There was no price tag on the typewriter, but expert testimony established its retail value at approximately $289.50. At that time defendant expressed an interest in purchasing a chain saw. The testimony was conflicting as to whether Cooper asked defendant if he might be interested in buying such a saw or whether defendant asked Cooper whether he had such a saw. In any event, Cooper and his accomplices then stole a chain saw from the Ace Hardware store in Zion and returned to defendant's place of business where Cooper sold defendant the saw for $50. When discovered by the police in defendant's place of business, the saw still had on it an Ace Hardware sticker marked with stock numbers and a price of $159.99. An expert witness testified that this was the fair retail value of the saw. Defendant testified that he did not see the sticker when he purchased the saw.

Defendant does not claim that the items were not stolen nor that he did not buy them but rather that he did not know that they were stolen. He, his family and a former employee gave testimony about the transactions with Cooper which indicate that defendant was a totally innocent purchaser of the goods. Cooper's testimony indicated that defendant knew quite well he was buying stolen property.

Defendant was charged with both the theft of the typewriter and the chain saw by knowingly obtaining control of each of them, under section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(d)(1)). The jury acquitted him of the theft of the typewriter but convicted him of the theft of the chain saw.

On appeal defendant contends: (1) that the State failed to prove him guilty beyond a reasonable doubt; (2) that the State inferred that defendant was a "fence" without introducing evidence in support of this accusation; (3) that the closing argument of the State was so prejudicial as to deprive him of a fair trial; and (4) that it was error for the jury to divulge its voting processes. We disagree and therefore affirm.

■■ Defendant's first contention, that the State did not prove him guilty beyond a reasonable doubt, is based on the premise that the jury could not have reasonably believed Cooper rather than defendant Farella. Defendant Farella and his witnesses were basically upstanding members of the community while Cooper was a man with prior felony convictions and parole violations, a heroin addict who admitted that his "normal mode of operation was to steal daily from various businesses in Lake County." Defendant also points out that Cooper received very favorable treatment with regard to numerous charges and potential charges against him in exchange for his testimony against the defendant herein. Finally, defendant alleges that Cooper made inconsistent statements to the

authorities about his contacts with defendant. In short, defendant argues that Cooper's record, and the considerable benefits he received from testifying, act to undermine his credibility. The credibility of the witnesses herein was for the determination of the jury. The jury was made well aware of the details of Cooper's record, the process of his plea bargaining and the very favorable treatment he received in exchange for his testimony against defendant. Viewing the entire record before us, we cannot say that the jury, despite these factors, could not have reasonably reached the verdict it did.

We begin by noting that the case against defendant was not based solely on Cooper's testimony as an accomplice. Although Cooper's testimony was obviously critical, it was corroborated by other evidence, namely, the fact that the typewriter and the chain saw were stolen and that both were discovered by the police on defendant's business premises the next day. Moreover, defendant himself admits purchasing the property. Hence, this is not a case where defendant's only connection with the crime is provided by the testimony of an accomplice. In the absence of a manifestly erroneous determination by the finder of fact, we have repeatedly stated that we will not substitute our judgment for that of the jury.

The law in question requires that defendant bought the property either "knowing the property to have been stolen by another *or under such circumstances as would reasonably induce him to believe the property was stolen.*" (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(d)(1).) Defendant purchased a new chain saw for $50 from a man he says he did not know; whose name or place of business he did not ask; who seemed in an extreme hurry; who operated out of a "not new" Volkswagen; when the chain saw had a tag dangling from it with the name Ace Hardware and the figures $159.99 thereon. As we noted in *People v. Mertens* (1979), 77 Ill. App. 3d 791, 795-96, 396 N.E.2d 595, 601:

> "The requisite knowledge and intent need not be directly proved, but may be deduced or inferred by the trier of fact from the facts and circumstances of the case. [Citations.] * * * [F]or example, the fact that the defendant purchased the property in question under circumstances which would have aroused the suspicions of an honest man that it was stolen was sufficient to establish knowledge and intent. * * * From this evidence the jury could properly conclude that the reasonable mind could not help but be aware that the property was stolen. Thus we find that the requisite intent was proved as to all defendants."

Defendant's second contention is that "at every stage of the trial, the State inferred that Mr. Farella was a 'fence' and then totally failed to

substantiate that claim * * *." Defendant points to six specific instances of this allegedly improper behavior: (a) a prosecutor's comment in his opening statement that Cooper had "dealt with" defendant in the past; (b) prosecutor's comment in rebuttal closing argument to the same effect; (c) the admission of Cooper's testimony about an alleged sale of stolen tires to defendant in 1974; (d) the admission of Cooper's testimony about an alleged conversation with defendant in 1977 concerning the possible sale of some stolen CB radios; (e) the questioning of Officer Repp about other items found at defendant's place of business; and (f) the cross-examination of Officer Kelly concerning Cooper's alleged prior contacts with defendant.

The State argues in response that the defendant has waived any error on these matters by his failure to raise the appropriate objections at trial and that the challenged testimony did not improperly prejudice defendant. Analysis of the record reveals that the State's first argument is meritorious. Defendant either failed to object to the complained of matter or objected only on grounds directed at the wording of the questions rather than the subject matter of the potential answers. In order to preserve an issue for review, a proper objection must be timely made and state with specificity the grounds therefore. An objection to evidence based on a specific ground waives all grounds not specified. In *People v. Trefonas* (1956), 9 Ill. 2d 92, 98, 136 N.E.2d 817, 820, the court stated,

"A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial."

The grounds urged on appeal, that the testimony and the prosecutor's comments were prejudicial and implied prior criminal activity, were not preserved by the objections made during trial. The same principle enumerated by the supreme court applies equally as well to the prosecutor's comments as it does to the evidence now complained of. Therefore, the right to claim error has been waived (see *People v. Killebrew* (1973), 55 Ill. 2d 337, 303 N.E.2d 377), and we will not reverse on these alleged errors. Thus, there is no need for us to rule on whether the State's behavior was in fact improper and we will not do so.

Defendant's third contention is that the assistant State's Attorney's rebuttal closing argument was improper and prejudicial. Specifically, he alleges that the State's Attorney "stated that the defendant, who was in power, had harrassed and intimidated him and did everything within his power to get him removed from the case," and that such statements were unwarranted, totally unsupported by the evidence and highly prejudicial.

It is true that the assistant State's Attorney did comment on the potential political pressures on someone prosecuting a politically powerful person such as the defendant and did at least imply that

defendant had attempted to bring such pressures to bear in this case. However, these comments were provoked by defense counsel's closing argument, which alleged that the assistant State's Attorney had intentionally withheld relevant evidence from the judge that accepted Cooper's negotiated plea, that the People's motive in bringing the prosecution was not the ends of justice but "to nail a member of the Lake County Board of Supervisors," and that even the assistant State's Attorney did not believe Oscar Cooper. Moreover, the assistant State's Attorney's conduct was characterized by defense counsel as "cheap," "lousy" and "appalling." It is well settled that where, as here, if argument by the prosecuting attorney is provoked or invited by remarks of defense counsel, a claim of error cannot be based on the response produced. *People v. Hayes* (1962), 23 Ill. 2d 527, 179 N.E.2d 660; *People v. White* (1977), 52 Ill. App. 3d 517, 367 N.E.2d 727.

Defendant's final contention is that his conviction should be reversed because the jury improperly divulged the status of its deliberations before reaching their final judgment. After retiring to deliberate, the jury foreman sent the following written communication to the trial judge:

"5:10 P.M.
Jan. 9, 1978

Sir: The jury has reviewed and discussed the case—we have taken 3 votes and are not changing votes—RE: the typewriter we have 3 guilty—9 not guilty; RE: the saw—we have 7 guilty—5 not guilty. The jurors feel they cannot change their votes—what do we do next? A number of jurors would like to communicate to their families if they will not be home for a while. Thank you. /s/ William A. Maybrook, Foreman."

At 5:25 p.m. on the same date, the trial judge responded in writing, "Continue deliberating. /s/ Judge Hughes."

Defendant contends that a mistrial should have been declared as soon as the trial judge received the note and that requiring further deliberations resulted in a coerced verdict. We disagree.

■ Although there are no Illinois cases directly on point, a number of Federal courts have considered this issue and have ruled that no error occurs when a trial judge requires that deliberations continue after receiving an unsolicited statement as to the numerical division of jurors. (*United States v. Jennings* (2d Cir. 1973), 471 F.2d 1310 (court advised jurors split 11-1 in favor of conviction); *United States v. Meyers* (2d Cir. 1969), 410 F.2d 693 (court aware of lone dissenter); *United States v. Sawyers* (4th Cir. 1970), 423 F.2d 1335 (jurors split 10-2 for conviction); *Sanders v. United States* (5th Cir. 1969), 415 F.2d 621 (jury stood 11-1 for conviction).) We feel that these courts have ruled properly. A judge's

instruction to continue deliberations after an unsolicited disclosure does not imply approval, disapproval or anything else, nor does it suggest that minority jurors change their stance. "Continue deliberating" was simple and neutral and can in no way be considered coercive.

Moreover, defendant's counsel voiced no objection at the time the trial court received the note or prepared its response. If the note or the response did justify a mistrial, we would expect defendant's counsel to have raised the question immediately and not only after defendant was convicted. In the words of a Federal court in *United States v. Diggs* (D.C. Cir. 1975), 522 F.2d 1310, 1320:

> "It would appear from [counsel's] belated complaint that she had stood by having elected to take her chances as to just what verdict might be returned. * * * [N]o prejudice was then perceived, and we see none now."

In short, we simply see no prejudice resulting from an unsolicited statement by the jury followed by an extraordinarily neutral response and we will not reverse on that basis.

For the foregoing reasons, defendant's conviction is hereby affirmed.

Affirmed.

WOODWARD and LINDBERG, JJ., concur.