(No. 58029—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DANIEL TUMMINARO, Appellee.

*Opinion filed June 6, 1984.*

332

Neil F. Hartigan, Attorney General, of Springfield (Kevin Patrick Connor, Assistant Attorney General, of Chicago), for the People.

Peter M. Tumminaro, of Roselle, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Daniel J. Tumminaro, was charged by complaint in the circuit court of Du Page County with the offense of improper riding of a motorcycle. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—1403.) The complaint was amended to charge defendant with the offense of operating a motorcycle on one wheel in violation of section 11—1403.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—1403.2). Defendant moved to dismiss the charge on the ground that section 11—1403.2 was unconstitutional. The circuit court allowed defendant's motion and the People appealed. 87 Ill. 2d R. 603.

Section 11—1403.2 provided:

"Any person who operates a motorcycle on one wheel is guilty of reckless driving as defined in Section 11—503 of this Act." (Ill. Rev. Stat. 1981, ch. 95½, par. 11—1403.2.)

Section 11—503 provided:

"(a) Any person who drives any vehicle with a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

(b) Every person convicted of reckless driving shall be guilty of a Class B misdemeanor." Ill. Rev. Stat. 1981, ch. 95½, par. 11—503.

The complaint charged that defendant "did knowingly operate his 1981 Kawasaki motorcycle 1982 Ill. registration no. 450—348. with a willfull [sic] and wanton disregard for life and property in that he operated his motorcycle on one wheel, while on Hartford southbound from Windsor, for a distance of app. forty feet." In holding section 11—1403.2 unconstitutional, the court found that the statute mandated a conviction for reckless driving for conduct that might not otherwise constitute the offense of reckless driving.

In their opening brief the People make reference to defendant's memorandum of law filed in the circuit court

and argue that section 11—1403.2 creates no irrebuttable presumption that one "who operates a motorcycle on one wheel is automatically guilty of wilful or wanton disregard for the safety of persons and property." They state that the People, in order to convict the defendant, must prove not only that he operated the motorcycle on one wheel but also the mental state of wilful and wanton disregard for the safety of persons and property. In their reply brief, however, the People contend that section 11—1403.2 defines an absolute-liability offense for which no showing of a requisite mental state is required.

Defendant contends that the statute is invalid in that it presumes that one who operates a motorcycle on one wheel does so with a wilful or wanton disregard for the safety of persons or property. Thus, defendant contends that the constitutionality of the statute must be judged in light of the decisions construing the validity of presumptions in criminal cases.

We do not agree. The statute here considered creates an absolute liability, and its validity must be determined in the light of the authorities relevant to that type of legislative enactment. In *People v. Brown* (1983), 98 Ill. 2d 374, we upheld the validity of a statute which provided that the unknowing possession of an automobile with a removed and falsified vehicle identification number was a misdemeanor. In *People v. Ziltz* (1983), 98 Ill. 2d 38, we held valid a statute which proscribed the driving or being in actual physical control of a vehicle while the alcohol concentration in such person's blood or breath is 0.10 or more. In both instances we held that the enactment of the statutes was a reasonable exercise of the police power. In *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 453, the court said:

> "To constitute a legitimate exercise of the police power, [the] legislative enactment must bear a reasonable relationship to the public interest intended to be protected,

and the means adopted must be a reasonable method of accomplishing the desired objective. [Citations.] Once the legislature determines that a problem exists and acts to protect and promote the general welfare of its citizens, the legislation is presumed to be a valid exercise of the State's police power. [Citation.] Furthermore, the due process clauses of the State and Federal constitutions, insofar as they operate to limit the exercise of the State's police power, prohibit only its arbitrary or unreasonable use."

Examined in the light of the foregoing authorities we are unable to say that section 11—1403.2 is unreasonable or arbitrary in the classification that it makes. The General Assembly could reasonably determine that, in the usual case, one-wheel motorcycle driving is dangerous and that strict punishment of drivers who operate motorcycles on one wheel would better protect people and property in the vicinity of the one-wheel motorcycle driver.

Defendant contends that section 11—1403.2 is unconstitutional because it amends section 11—503 by reference. Section 8(d) of the Illinois Constitution provides in pertinent part that "a bill expressly amending a law shall set forth completely the sections amended." Ill. Const. 1970, art. IV, sec. 8(d).

Our reading of section 11—1403.2, however, does not reveal an amendment to section 11—503. Section 11—1403.2 provides that the riding of a motorcycle on one wheel is punishable in the same manner as is the operation of a motor vehicle with wilful or wanton disregard for persons or property. We find the decisions cited by defendant distinguishable in that those cases presented situations in which an express amendment to another statute was effected by the legislation in question. In *Fuehrmeyer v. City of Chicago* (1974), 57 Ill. 2d 193, the General Assembly attempted to eliminate the concurrent jurisdiction of the State and home rule units in the licensing of certain vocations by naming in the amendatory statute the acts con-

cerning those occupations. In *People ex rel. Peoria Civic Center Authority v. Vonachen* (1975), 62 Ill. 2d 179, the General Assembly attempted to authorize additional methods of financing for local authorities established under other statutes. The court held this to be an express amendment and violative of section 8(d) of article IV. Section 11—1403.2 does not expressly amend section 11—503, and only by implication might one read into section 11—503 a provision authorizing another method by which a person may be found guilty of reckless driving.

Defendant's last contention is that section 11—1403.2 is unconstitutional as special legislation. Defendant argues that section 11—1403.2 unreasonably and arbitrarily classifies one-wheel motorcycle drivers as reckless drivers. In support of this argument defendant describes a hypothetical situation in which one-wheel motorcycle driving should not be considered reckless as the maneuver might be used to protect the driver's safety. The argument, as presented, contends that the statute, rather than special legislation, is violative of equal protection (see *Illinois Polygraph Society v. Pellicano* (1980), 83 Ill. 2d 130, 137-38), but in any event we need not consider it. We find that such hypothetical situations where one-wheel motorcycle driving might be necessary are included under the exception to criminal liability contained in section 7—13 of the Criminal Code of 1961. (Ill. Rev. Stat. 1981, ch. 38, par. 7—13.) That section provides:

> "Sec. 7—13. Necessity. Conduct which would otherwise be an offense is justifiable by reason of necessity if the accused was without blame in occasioning or developing the situation and reasonably believed such conduct was necessary to avoid a public or private injury greater than the injury which might reasonably result from his own conduct."

For the foregoing reasons, defendant's attack on the statute fails. The judgment of the circuit court of Du Page

County is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*