THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TODD PAARLBERG, Defendant-Appellee.

Third District   No. 3—92—0431

Opinion filed April 9, 1993.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Alan R. Bruggeman, of Kipnis, Kahn & Bruggeman, of New Lenox, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Todd A. Paarlberg was arrested for reckless driving, his automobile was impounded, and the defendant and his vehicle were searched. Thereafter, the defendant was charged with three counts of unlawful possession of a controlled substance. Defendant filed a motion to suppress evidence. At the hearing on the motion to suppress, defense counsel amended his motion to also request the suppression of statements made by the defendant. The trial judge granted defendant's motion, and the State appealed. We affirm.

In his motion to suppress, the defendant alleged that he was arrested by the Wilmington police department without probable cause, the defendant and his car were subjected to a warrantless search, and the purported inventory search of the car was pretextual.

At the hearing on the motion to suppress, defendant Todd A. Paarlberg testified that at approximately 9:05 p.m. on August 22, 1991, he was driving on a two-lane road between his work as a pharmacist in Wilmington and his home in Manhattan, Illinois. Once he negotiated a curve, the road became a straightaway with a speed limit of 55 miles per hour. It was at this point that the defendant passed the car in front of him. Paarlberg testified that he was driving approximately 35 miles per hour before beginning his acceleration and passing maneuver.

The vehicle that Paarlberg passed was an unmarked police car. The police officer activated his lights and stopped the defendant's car. The policeman approached the defendant and asked to see his license and insurance card. The officer then asked Paarlberg to step from his car and perform sobriety tests.

As Paarlberg was performing the field sobriety tests, another officer arrived. That officer entered the defendant's vehicle, searched the car's interior and glove compartment, and found a bottle of Parepectolin. Paarlberg was questioned about his place of employment and then handcuffed. The defendant was told that he had been driving in the lane of oncoming traffic, he was under arrest for reckless driving, and his car was being impounded.

The State's only witness was Officer Michael Boyle. Boyle testified that he was on patrol on Route 53 in an unmarked police car. He saw the defendant's car approach from behind, proceed into the left lane three times, and then return behind Boyle's car. Boyle observed oncoming traffic prior to the defendant returning to the proper lane behind Boyle's police car. The officer testified that the defendant's car came "within feet of my vehicle."

The defendant's car stayed in its lane behind Boyle. This portion of the road was marked with two solid yellow no-passing lane markers.

Boyle testified that he pulled his car to the right portion of his lane, and the defendant passed him. In completing the passing maneuver and returning to its proper lane, the defendant's vehicle contacted the gravel shoulder.

The officer then activated his lights and stopped the defendant's car. Boyle asked the defendant for his driver's license and proof of insurance. Although he could not smell alcohol, Boyle asked the defendant to perform field sobriety tests. The defendant passed these tests. During the field sobriety tests, an Officer Lewis arrived, viewed one of the tests, went into the defendant's car, and returned with an object which he found in the glove compartment. The defendant was

then searched and additional objects were found in the defendant's pockets. Boyle testified that it was the procedure in his department to take reckless driving suspects into custody and for the suspect's car to be inventoried and towed.

On cross-examination, Boyle testified that he had pulled the police car to the right near an intersecting road. The officer testified that it was possible that someone would believe that his car was turning off onto the intersecting road.

Officer Boyle also testified that his rearview mirrors, which had been used to observe the defendant's car, distorted distances. However, Boyle could not testify as to the distortion factor of the mirror. The officer was also unsure of the distance between the end of the curve in the road and the point at which passing is permitted, though he did speculate that the distance might be 200 feet.

The officer also testified that his department has a policy requiring custodial arrests for reckless driving, but this policy was not in writing. He was also unsure if the department's policy requiring an inventory search of all towed cars was in writing. Boyle did testify, however, that he was aware that Illinois Supreme Court rules permit an allegedly reckless driver to post either money or a driver's license as bond. Nonetheless, Boyle did not give the defendant an opportunity to post either money or his license for bond.

Boyle testified that, after observing the defendant and conducting the field sobriety tests, he lacked probable cause to arrest the defendant for driving under the influence. It was then that he placed the defendant under arrest for reckless driving. While Boyle outranked Officer Lewis, he had never instructed Lewis to search the vehicle.

At the close of evidence, the trial judge allowed the defense to amend its motion to include a request for the suppression of statements made by the defendant. After hearing the arguments of counsel, the trial judge ordered the suppression of all materials seized and all statements made by the defendant after Officer Boyle informed the defendant that he was under arrest.

In light of the trial judge's ruling, the State filed a notice of appeal and the requisite certificate of impairment. 134 Ill. 2d R. 604(a)(1); *People v. Young* (1980), 82 Ill. 2d 234, 247-49, 412 N.E.2d 501.

On appeal, the State asserts that the trial judge erred in suppressing evidence seized by the police during the inventory search of the defendant's automobile. The State contends that the impounding of the defendant's car, the search and the subsequent seizure of evidence were within the officer's authority pursuant to the United States Su-

preme Court's decisions in *Colorado v. Bertine* (1987), 479 U.S. 367, 93 L. Ed. 2d 739, 107 S. Ct. 738, and *Florida v. Wells* (1990), 495 U.S. 1, 109 L. Ed. 2d 1, 110 S. Ct. 1632, as well as the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 11—1302(c)). The State also argues that suppression of the defendant's statements was not required because the case involved a routine traffic stop.

The defendant contends that the facts do not support the State's claim that the search in this case constituted an inventory search. The defendant argues that suppression was appropriate since the search commenced prior to impoundment. Additionally, the defense asserts that the police erred in making a custodial arrest in a reckless driving case.

We need not address the issues as presented, however, inasmuch as we decide to affirm the ruling of the circuit court on a basis other than those raised by the litigants.

On appeal, a trial judge's findings on a motion to suppress will not be overturned unless they are manifestly erroneous. (*People v. Mason* (1991), 213 Ill. App. 3d 163, 166, 571 N.E.2d 1127.) The question before this court is the correctness of the trial court's rulings rather than the validity of its rationale. (*People v. Ortiz* (1988), 170 Ill. App. 3d 1083, 1089, 524 N.E.2d 1050.) We may affirm the trial court when correct for any reason appearing in the record, even if that reason was not relied upon by the trial court. *People v. Rodriguez* (1989), 187 Ill. App. 3d 484, 489, 543 N.E.2d 324.

In determining whether an inventory search is reasonable, the threshold question is whether the impoundment was proper, since the need and justification for the inventory arises from the impoundment of the vehicle. (*People v. Braasch* (1984), 122 Ill. App. 3d 747, 752, 461 N.E.2d 651.) Similarly, a search incident to arrest is lawful only if the arrest is valid; such a search is invalid if there exists no probable cause for the arrest. *People v. Mendoza* (1978), 62 Ill. App. 3d 609, 622, 378 N.E.2d 1318.

To ascertain whether probable cause exists, a court must determine whether a reasonable and prudent person, having the knowledge of the officer at the time of the arrest, would believe that the defendant committed the offense. (*People v. Melgoza* (1992), 231 Ill. App. 3d 510, 541, 595 N.E.2d 1261.) While the facts need not be sufficient to convict, something more than a hunch or mere suspicion is required. (*People v. Scarpelli* (1980), 82 Ill. App. 3d 689, 694, 402 N.E.2d 915.) Evidence obtained after the arrest cannot be considered in determining whether probable cause existed for the arrest. (*People v. Alewelt* (1991), 217 Ill. App. 3d 578, 580, 577 N.E.2d 809.) In light of the rec-

ord in this case, we find that no probable cause existed to arrest the defendant for reckless driving. The impoundment of the defendant's car and the search of the car and defendant were improper.

Here, the defendant was placed under arrest, and his car was impounded and inventoried, for the alleged offense of reckless driving. Section 11—503 of the Illinois Vehicle Code provides that "[a]ny person who drives any vehicle with a willful or wanton disregard for the safety of persons or property is guilty of reckless driving." Ill. Rev. Stat. 1991, ch. 95½, par. 11—503(a).

Section 11—503 does not specify any particular manner in which the offense may be committed. (*People v. Pena* (1988), 170 Ill. App. 3d 347, 353, 524 N.E.2d 671.) Nonetheless, the Illinois General Assembly may declare that certain driving maneuvers constitute *per se* reckless driving. Such a statute creates absolute liability for the driver. *People v. Tumminaro* (1984), 102 Ill. 2d 331, 334-35, 465 N.E.2d 90.

In the absence of a *per se* statute, reckless driving requires proof of a willful or wanton mental state. Even when a driver negligently causes serious injury or death, reckless conduct is not assumed. (See *People v. Hawn* (1981), 99 Ill. App. 3d 334, 338, 425 N.E.2d 1024; *Stamat v. Merry* (1979), 78 Ill. App. 3d 445, 449-50, 397 N.E.2d 141.) Reckless driving is not merely the commission of a single traffic offense plus the required mental state. *Pena*, 170 Ill. App. 3d at 353.

Reckless driving cases appear to fall into three general categories. The first category is the commission of multiple traffic offenses which together demonstrate the driver's willful and wanton disregard for the safety of persons and property. *People v. Pena* (1988), 170 Ill. App. 3d 347, 524 N.E.2d 671 (speeding and weaving); *People v. Brady* (1974), 23 Ill. App. 3d 330, 318 N.E.2d 642 (speeding and weaving); *McWethy v. Lee* (1971), 1 Ill. App. 3d 80, 272 N.E.2d 663 (decedent driver's recklessness included speeding, failure to stop at intersection, and failure to yield right-of-way); *People v. Baier* (1964), 54 Ill. App. 2d 74, 203 N.E.2d 633 (speeding and failure to stop at intersection).

The second category of cases involves a driver's conscious disregard for the particular surroundings and circumstances that rises to the level of willfulness and wantonness. *People v. Stropoli* (1986), 146 Ill. App. 3d 667, 497 N.E.2d 194 (defendant backed up, squealed tires, made wide turn causing "fishtailing" and pointing car at nearby child); *People v. Burton* (1981), 100 Ill. App. 3d 1021, 427 N.E.2d 625 (while passing another car, driver repeatedly turned steering wheel sharply so that the two vehicles almost collided); *People v. Tuell* (1981), 97 Ill. App. 3d 849, 423 N.E.2d 954 (defendant drove out of lane and toward pedestrian in roadway, to force pedestrian to run out

of the way); *People v. Ziegler* (1979), 78 Ill. App. 3d 490, 396 N.E.2d 1160 (excessive speed combined with dangerous lane changes, cutting off other cars, and failure to reduce speed while approaching standing vehicle which displayed brake lights and turn signal); *People v. Griffith* (1978), 56 Ill. App. 3d 747, 372 N.E.2d 404 (though familiar with speed limit and sharp curve, defendant drove twice the limit and lost control, causing accident); *People v. Burch* (1974), 19 Ill. App. 3d 360, 311 N.E.2d 410 (speeding, passing three cars at one time, forcing an oncoming car to leave the road, and the presence of small children on the roadside); *People v. Prendergast* (1968), 95 Ill. App. 2d 41, 238 N.E.2d 92 (speeding in area adjacent to shopping mall, at noon hour, causing fatal accident).

The third category is where willful and wanton conduct is based, in part, upon the driver's intoxication or impaired state. *People v. Bolar* (1982), 109 Ill. App. 3d 384, 440 N.E.2d 639; *People v. Davis* (1982), 105 Ill. App. 3d 129, 434 N.E.2d 13; *People v. Farris* (1980), 82 Ill. App. 3d 147, 402 N.E.2d 629; *People v. Miller* (1979), 75 Ill. App. 3d 775, 394 N.E.2d 783; *People v. Bonzi* (1978), 65 Ill. App. 3d 927, 382 N.E.2d 1300; *People v. Chambers* (1972), 8 Ill. App. 3d 430, 289 N.E.2d 476; *People v. Gray* (1972), 7 Ill. App. 3d 526, 288 N.E.2d 26.

In specific cases a driver's recklessness may satisfy the requirements of more than one of these categories; however, cases that do not fall into at least one of them have not survived appellate review. *People v. Gosse* (1983), 119 Ill. App. 3d 733, 457 N.E.2d 129 (accident but lack of evidence that defendant was intoxicated or aware of loose gravel on road); *People v. Hawn* (1981), 99 Ill. App. 3d 334, 425 N.E.2d 1024 (speeding but no evidence of intoxication); *People v. Friesen* (1978), 58 Ill. App. 3d 180, 374 N.E.2d 15 (driving without lights due to electrical system failure, resulting in fatal accident); *People v. Johnson* (1975), 30 Ill. App. 3d 974, 333 N.E.2d 258 (failure to stop at an intersection); *People v. Potter* (1955), 5 Ill. 2d 365, 125 N.E.2d 510 (speeding); *People v. Anderson* (1923), 310 Ill. 389, 141 N.E. 727 (speeding but lack of evidence that driver saw policeman's signal to stop at intersection).

In this case, there was no probable cause to believe that the defendant committed the offense of reckless driving. First, the defendant did not commit multiple traffic offenses. At most, the record before us supports a charge of improper lane usage. Second, the defendant did not ignore the conditions or circumstances in the vicinity. As Officer Boyle testified, as another vehicle approached in the opposite lane, the defendant abandoned his passing maneuver and re-

turned his car to its proper lane. Third, the defendant was not intoxicated or otherwise impaired. To the contrary, Officer Boyle testified that he smelled no alcohol on the defendant's breath, and the defendant passed the field sobriety tests.

In the absence of probable cause of reckless driving, the impoundment of the defendant's car, as well as the search of the car and defendant, were improper. The trial court's decision was not against the manifest weight of the evidence.

The circuit court of Will County is hereby affirmed.

Affirmed.

. BARRY and STOUDER, JJ., concur.