April 17, 1998

 No. 3--96--0875

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 1998

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 10th Judicial Circuit,

 ) Peoria County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 88--CF--111

 ) 

CAESAR STENSON,                 ) Honorable

                                ) Robert Manning

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

After a jury trial, defendant, Caesar Stenson, was found guilty of burglary (720 ILCS 5/19--1 (West 1996)).  On December 2, 1988, the circuit court entered judg­ment on the jury verdict and sentenced defen­dant to a 10-year prison term.  We affirm.

On August 2, 1996, defendant filed a 
pro
 
se
 petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 
et
 
seq.
 (West 1996)).  Along with his peti­tion, defen­dant filed a supporting affidavit.  In the affidavit, defendant states that the delay in filing was attrib­ut­able to his reliance on inmate law clerks, who advised him that under the Act, he had 10 years from the date of his conviction to file a peti­tion.  The circuit court 
sua
 
sponte
 dismissed defendant's petition on the ground that it had not been filed within the time prescribed by law.  On appeal, defendant contends the circuit court erred in dismissing his petition as untimely and in failing to consider his averments related to the delay in filing his peti­tion. 

The Act provides a three-stage process for adjudication of post-conviction petitions:  (1) in the first stage the trial court, within 90 days after the filing and docketing of the petition, is required to determine whether the petition is frivolous or patently without merit, in which case it is dismissed; (2) if the petition is not dismissed during the first stage, it moves to the second stage where the court shall appoint counsel if requested by an indigent defendant, counsel may amend the petition, and the State may file a motion to dismiss the petition; and (3) during the third and final stage, if the petition survives the second stage proceedings, the court conducts an evidentiary hearing and considers the petition on the merits.  725 ILCS 5/122--1 
et.
 
seq.
 (West 1996); see 
People v. 
Lemons
, 242 Ill. App. 3d 941, 613 N.E.2d 1234 (1993). 

Defendant does not dispute he filed his post-conviction petition outside the limitations period found in section 122--1(c) of the Act.  725 ILCS 5/122--1(c) (West 1996).  Defen­dant con­tends, however, that this limita­tions period is a proce­dur­al, not a juris­diction­al, bar to the petition.  If the limitation is procedural, section 122--1(c) should not have been invoked at the first stage of the adjudi­ca­tory process under section 122--2.1 of the Act.  725 ILCS 5/122--2.1 (West 1996).  Instead, he argues that only a proper motion to dismiss by the State at the second stage of the process would be appropriate.  725 ILCS 5/122--5 (West 1996).  

A statute of limitations fixes the time within which a remedy for a particular wrong may be sought.  Such a limitations period is an affirmative defense that may be waived by the par­ties and may be rebutted by a plea of estop­pel.  
Eschbaugh v. Indus­tri­al Commis­sion
, 286 Ill. App. 3d 963, 677 N.E.2d 438 (1996).
  On the other hand, where a statute creates a substan­tive right unknown at common law and provides the time within which the action must be com­menced, failure to commence the action within the pre­scribed period is a juris­dic­tion­al bar to relief.  
Fredman Brothers Furniture Co. v. Depart­ment of Revenue
, 109 Ill. 2d 202, 486 N.E.2d 893 (1985).  Sub­ject matter jurisdiction cannot be waived, stipulat­ed to, or consented to by the parties.  The lack of subject matter jurisdic­tion may be raised at any time, in any court, direct­ly or collat­er­ally, by the parties or on the court's own motion.  
Eschbaugh
, 286 Ill. App. 3d 963, 677 N.E.2d 438.  

In 
People v. Heirens
, 271 Ill. App. 3d 392, 648 N.E.2d 260 (1995), the court held that a defendant's failure to file a petition within the limitations period prescribed in the Act is a jurisdictional bar to his or her action.  While defendant concedes that 
Heirens
 apparently contra­dicts his position, he contends the court's reference to the limita­tions period as a "proce­dural bar" at two points in its discus­sion renders the court's holding "diminished" and "cloud­ed."  These references, however, lie within a larger discussion of the Act's waiver of claims provision, 
laches
, the doctrine of 
res
 
judicata
 as well as the Act's time limita­tions period.  
Heirens
, 271 Ill. App. 3d at 400-402, 648 N.E.2d at 266-67.  The court stated unequivocally that "[the limita­tions period] is juris­dic­tion­al and cannot cure defendant's failure to comply with its terms."  
Heirens
, 271 Ill. App. 3d at 402, 648 N.E.2d at 267.  Thus, the time limitations of the Act directly affects the subject matter jurisdiction of the circuit court.  Accordingly, the trial judge properly dismissed the petition at the first stage of the post-conviction process.

Defendant also contends the circuit court erred by failing to consider his explanation for the delay in filing his peti­tion.  Section 122--1(c) allows the defendant to escape the effect of his late filing if he presents facts in the petition which show that the delay was not due to the defendant's culpable negligence 725 ILCS 5/122--1(c).  The record does not contain a finding by the circuit court con­cern­ing defendant's expla­na­tion.  Al­though defen­dant points to the circuit court's silence in support of his claim, a pre­sump­tion of regu­lar­i­ty atta­ches to trial court pro­ceed­ings in the absence of error demon­strated in the record.  
People v. Majer
, 131 Ill. App. 3d 80, 475 N.E.2d 269 (1985).  Although it is advisable for the trial court to state its reasons for dismissal, it is not mandatory.   
People v. Porter
, 122 Ill. 2d 64, 82, 521 N.E.2d 1158, 1165 (1988).  The issue on appeal is the correctness of the trial court's ruling, rather than the validity of its ratio­nale.  
People v. Paarlberg
, 243 Ill. App. 3d 731, 612 N.E.2d 106 (1993). 

Here, defendant alleges that he received advice from inmate law clerks that he had ten years to file his petition.  Even if these state­ments concern­ing the delay in filing his petition are true (
People v. Caballero
, 126 Ill. 2d 248, 533 N.E.2d 1089 (1989)), they are insufficient to show a lack of culpable negli­gence.  
See 
People v. Lee
, 292 Ill. App. 3d 941, 688 N.E.2d 673 (1997) (affida­vit alleging defendant was misin­formed by appel­late counsel as to limitations period for post-convic­tion petition did not show lack of culpable negli­gence).

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY and SLATER, JJ., concur.