THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OLLIE KELLY, Defendant-Appellant.

Third District    No. 3—96—0351

Opinion filed September 22, 1998.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

After a bench trial, defendant, Ollie Kelly, was convicted of four counts of hate crime (720 ILCS 5/12—7.1 (West 1994)). The trial court vacated one count and sentenced defendant to 30 months of probation on the remaining three counts. On appeal, defendant contends: (1) his convictions must be reversed because he was denied a preliminary hearing; or, alternatively, (2) his conviction on count IV of the information must be vacated because it violates the one-act-one-crime principle. For the reasons that follow, we reverse defendant's convictions and remand his cause for further proceedings.

On July 20, 1994, a grand jury returned a two-count indictment against defendant. Count I of the indictment alleged that on November 23, 1993, defendant committed a hate crime by committing an assault (720 ILCS 5/12—1 (West 1992)) against S.A. by reason of her race. Count I further alleged that defendant committed the assault by pointing his finger at S.A. and threatening to kill her. Count II of the indict-

ment alleged that on October 24, 1993, defendant committed a hate crime by committing disorderly conduct (720 ILCS 5/26—1(a)(1) (West 1992)) by reason of S.A.'s race. Specifically, count II alleged that defendant grabbed his genitals and told S.A. to place her mouth on his penis.

On January 22, 1996, the parties informed the court that they were ready for trial. On the same day, defendant waived his right to a jury. The trial court continued the case for a bench trial to commence the following day.

On January 23, 1996, the trial court called defendant's cause for trial. At this point, the State requested leave to dismiss the two-count indictment and file a seven-count information. Defendant objected to the State's motion and asked that the case proceed to trial on the two-count indictment. Defendant argued that the information charged different offenses than the indictment, entitling him to a preliminary hearing. The State argued that the information merely charged the same offenses in different ways and that no preliminary hearing was necessary.

The trial court granted the State's motion. The trial court ruled that section 109—3.1(b)(2) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/109—3.1(b)(2) (West 1992)) allowed the State to file the information without affording defendant a preliminary hearing because the charges of the information arose out of the same transaction or conduct which provided the basis for the earlier indictment.

The State's seven-count information contained three counts (counts V, VI, and VII) that charged crimes other than hate crimes. Defendant moved for dismissal of these counts on the ground that they were charged beyond the statute of limitations for misdemeanors. The trial court granted defendant's motion to dismiss.

The remaining four counts of the information alleged defendant committed hate crimes on October 23 and November 23, 1993. Counts I and II contained the same allegations as the earlier two-count indictment except that count I stated the October offense and count II stated the November offense. In addition, the date for the October offense was changed from October 24 to October 23. Count III alleged that on November 23, 1993, defendant committed a hate crime by committing disorderly conduct (720 ILCS 5/26—1(a)(1) (West 1992)) by reason of S.A.'s race. In particular, count III alleged defendant pointed his finger at S.A. and threatened to kill her in such an unreasonable manner as to alarm and disturb S.A. and provoke a breach of the peace. Count IV alleged that on November 23, 1993, defendant committed a hate crime by committing disorderly conduct (720 ILCS

5/26—1(a)(5) (West 1992)) by reason of S.A.'s race. Specifically, count IV alleged that defendant entered upon the property of S.A., deliberately looked in her window, pointed his finger at her and threatened to kill her in such an unreasonable manner as to alarm and disturb S.A. and provoke a breach of the peace.

The matter then proceeded to trial on the remaining four counts of the information. The trial court found defendant guilty on all four counts. The trial court vacated defendant's conviction on count III, ruling that count III was based on the same conduct as count II. Subsequently, defendant filed a motion in arrest of judgment contending that the trial court erred in allowing his trial to proceed without affording him a preliminary hearing. The trial court denied defendant's motion.

On appeal, defendant contends the trial court erred by allowing the State to dismiss a two-count indictment and file a seven-count information immediately before trial without affording him a preliminary hearing.

■ In Illinois, all felony prosecutions must be charged either by information or by indictment. 725 ILCS 5/111—2(a) (West 1992). If the State charges a felony by information, the accused is entitled to a preliminary hearing to determine whether probable cause exists to believe the accused committed the offense. 725 ILCS 5/111—2(a) (West 1992).

■ The trial court ruled that section 109—3.1(b)(2) of the Code (725 ILCS 5/109—3.1(b)(2) (West 1992)) allowed the State to file its information without affording defendant a preliminary hearing because the charges of the information arose out of the same transaction or conduct which provided the basis for the earlier indictment. Section 109—3.1(b) requires that a person in custody for the alleged commission of a felony is entitled to a preliminary examination or indictment within 30 days of being taken into custody or, if on bail or recognizance, within 60 days. 725 ILCS 5/109—3.1(b) (West 1992). Section 109—3.1(b)(2) provides that once a person is charged for an offense for which he is taken into custody, the section 109—3.1(b) limitations period does not apply to a subsequent indictment charging additional offenses arising out of the same transaction or conduct. 725 ILCS 5/109—3.1(b)(2) (West 1992). Thus, section 109—3.1(b)(2) is an exception to the limitations period for subsequent indictments, not a statutory authorization obviating the need for a preliminary hearing when an information is substituted for an indictment.

Having dispensed with the trial court's rationale for its ruling, we now consider whether the trial court's judgment can be sustained on another ground. See *People v. Paarlberg*, 243 Ill. App. 3d 731, 612 N.E.2d 106 (1993). We turn first to the State's argument that the trial

court committed no error because the charges of the information arose out of the same transaction or conduct as those charged in the indictment. The State analogizes to section 111—2(f) of the Code in support of its claim. 725 ILCS 5/111—2(f) (West 1992).

■ Section 111—2(f) allows the State to amend an information to charge additional offenses arising out of the same transaction or occurrence without a preliminary hearing. However, there is no similar statutory provision permitting the State to alter the substance of an indictment by filing an information without affording the accused a right to a preliminary hearing. See *People v. Taylor*, 153 Ill. App. 3d 710, 506 N.E.2d 321 (1987). Therefore, the State's reliance on section 111—2(f) is misconceived.

■ Next, the State contends that this court should construe the State's information as an amendment to an indictment. The State cites no authority to support the proposition that an information can be considered an amended indictment. Moreover, even if an information could be considered an amended indictment, the information in this case would still be improper because it substantively alters the charges included in the indictment.

■ Where a defendant is charged by indictment, the State may not amend the indictment, except to cure formal defects. *People v. Kincaid*, 87 Ill. 2d 107, 429 N.E.2d 508 (1981). If an amendment is substantive, the State must either return to the grand jury for a further indictment or file an information followed by a preliminary hearing or obtain a waiver of a preliminary hearing. *People v. Cregar*, 172 Ill. App. 3d 807, 526 N.E.2d 1376 (1988). An amendment is substantive if it alters an essential element of the offense for which the accused was indicted. *People v. Patterson*, 267 Ill. App. 3d 933, 642 N.E.2d 866 (1993).

■ In a prosecution for hate crime, the State must prove that the accused committed one of the predicate offenses enumerated in the statute "by reason of the actual or perceived race *** of another individual." 720 ILCS 5/12—7.1(a) (West 1994). An allegation that the accused committed one of the enumerated predicate offenses is an essential element of a hate crime. See *In re B.C.*, 176 Ill. 2d 536, 680 N.E.2d 1355 (1997).

■ Here, defendant was indicted for one count of hate crime based on disorderly conduct (720 ILCS 5/26—1(a)(1) (West 1992)) arising out of the events of October 23, 1993, and one count of hate crime predicated on assault (720 ILCS 5/12—1 (West 1992)) based on the events of November 23, 1993. The State's information added two counts of hate crime premised on two variations of disorderly conduct (720 ILCS 5/26—1(a)(1), (a)(5) (West 1992)) related to the events of

November 23. By the addition of these predicate crimes, the State altered the essential elements of the crimes for which defendant was indicted. Accordingly, the allegations of the State's information resulted in a substantive alteration of the indictment. Therefore, defendant was entitled to a probable cause determination, either by a further indictment or a preliminary hearing on the information.

■ Finally, the State argues that defendant's convictions should stand because he suffered no prejudice stemming from the trial court's denial of his right to a preliminary hearing. The State calls to our attention the trial court's vacatur of the count III conviction and the State's confession of error on count IV. By removing these convictions, defendant would stand convicted of counts I and II, which are essentially the same charges that had been alleged in the indictment.

However, even assuming, *arguendo*, that the State is correct in its assertion that defendant suffered no prejudice, the disposition of this appeal would not change. In the case at bar, defendant raised a timely, pretrial objection, demanded a preliminary hearing, and filed a timely motion in arrest of judgment. Accordingly, defendant need not show he was prejudiced by the deprivation of his right to a preliminary hearing. See *People v. Benitez*, 169 Ill. 2d 245, 661 N.E.2d 344 (1996) (showing of prejudice unnecessary when defendant objected to charging instrument on second day of trial); *People v. Thingvold*, 145 Ill. 2d 441, 584 N.E.2d 89 (1991) (where indictment or information is attacked before trial, it must strictly comply with pleading requirements of Code of Criminal Procedure); *cf. People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456 (1976) (defendant raising challenge to charging instrument for first time on appeal must show prejudice). Therefore, the State's argument concerning lack of prejudice is unavailing.

In summary, we hold defendant was entitled to a preliminary hearing on the State's information and his convictions must be reversed. It should be noted that reversal of defendant's convictions does not bar the State from retrying defendant on the same charges after affording him a probable cause determination, either by a grand jury or by a preliminary hearing.

■ As a final matter, defendant also contends that his conviction on count IV of the State's information must be vacated because it is based on the same conduct as count II and, therefore, violates the one-act-one-crime principle. The State confesses error on this point. We are in agreement with the parties that defendant's conviction on count IV violates the one-act-one-crime principle. See generally *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977). However, due to our disposition of the first issue raised on appeal, it is unnecessary to vacate the conviction.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE and LYTTON, JJ., concur.