No. 3--96--0351

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 1998

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 12th Judicial Circuit,

 ) Will County, Illinois,

Plaintiff-Appellee, ) 

 )

v. ) No. 93--CF--5255

 ) 

OLLIE KELLY,                    ) Honorable

                                ) Barbara Badger,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

After a bench trial, defendant, Ollie Kelly, was convicted of four counts of hate crime (720 ILCS 5/12--7.1 (West 1994)).  The trial court vacated one count and sentenced defendant to 30 months of proba­tion on the remaining three counts.  On appeal, defen­dant con­tends:  (1) his convic­tions must be reversed because he was denied a prelimi­nary hearing; or, alterna­tively, (2) his conviction on count IV of the informa­tion must be vacated because it violates the one-act-one-crime princi­ple.  For the reasons that follow, we reverse defendant's convic­tions and remand his cause for further proceedings.

On July 20, 1994, a grand jury returned a two-count indictment against defendant.  Count I of the indictment alleged that on November 23, 1993, defendant committed a hate crime by commit­ting an assault (720 ILCS 5/12--1 (West 1992)) against S.A. by reason of her race.  Count I further alleged that defendant committed the assault by pointing his finger at S.A. and threatening to kill her.  Count II of the indictment alleged that on October 24, 1993, defendant committed a hate crime by committing disorderly conduct (720 ILCS 5/26--1(a)(1) (West 1992)) by reason of S.A.'s race.  Specif­i­cally, count II alleged that defendant grabbed his geni­tals and told S.A. to place her mouth on his penis.

On January 22, 1996, the parties informed the court that they were ready for trial.  On the same day, defendant waived his right to a jury.  The trial court continued the case for a bench trial to commence the following day.

On January 23, 1996, the trial court called defendant's cause for trial.  At this point, the State requested leave to dismiss the two-count indictment and file a seven-count information.  Defendant objected to the State's motion and asked that the case proceed to trial on the two-count indictment.  Defendant argued that the information charged different offenses than the indictment, entitling him to a preliminary hearing.  The State argued that the information merely charged the same offenses in different ways and that no preliminary hearing was neces­sary.

The trial court granted the State's motion.  The trial court ruled that section 109--3.1(b)(2) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/109--3.1(b)(2) (West 1992)) allowed the State to file the information without affording defendant a preliminary hearing because the charges of the information arose out of the same transaction or conduct which provided the basis for the earlier indictment.

The State's seven-count information contained three counts (counts V, VI, and VII) which charged crimes other than hate crimes.  Defen­dant moved for dis­missal of these counts on the ground that they were charged beyond the statute of limitations for misde­meanors.  The trial court granted defendant's motion to dismiss.

The remaining four counts of the information alleged defendant committed hate crimes on October 23 and November 23, 1993.  Counts I and II contained the same allegations as the earlier two-count indictment except that count I stated the October offense and count II stated the November offense.  In addition, the date for the October offense was changed from October 24 to October 23.  Count III alleged that on Novem­ber 23, 1993, defen­dant committed a hate crime by commit­ting disor­derly conduct (720 ILCS 5/26--1(a)(1) (West 1992)) by reason of S.A.'s race.  In particu­lar, count III alleged defen­dant pointed his finger at S.A. and threatened to kill her in such an unrea­sonable manner as to alarm and disturb S.A. and provoke a breach of the peace.  Count IV alleged that on Novem­ber 23, 1993, defendant committed a hate crime by committing disorderly conduct (720 ILCS 5/26--1(a)(5) (West 1992)) by reason of S.A.'s race.  Specifically, count IV alleged that defendant entered upon the property of S.A., delib­erately looked in her window, pointed his finger at her and threatened to kill her in such an unreason­able manner as to alarm and disturb S.A. and provoke a breach of the peace.

The matter then proceeded to trial on the remaining four counts of the information.  The trial court found defendant guilty on all four counts.  The trial court vacated defendant's conviction on count III, ruling that count III was based on the same conduct as count II.  Subsequently, defendant filed a motion in arrest of judgment contending that the trial court erred in allowing his trial to proceed without affording him a preliminary hearing.  The trial court denied defendant's motion.

On appeal, defendant contends the trial court erred by allowing the State to dismiss a two-count indictment and file a seven-count infor­ma­tion immediately before trial without affording him a prelim­i­nary hearing.

In Illinois, all felony prosecutions must be charged either by information or by indictment.  725 ILCS 5/111--2(a) (West 1992).  If the State charges a felony by information, the accused is entitled to a preliminary hearing to determine whether probable cause exists to believe the accused committed the offense.  725 ILCS 5/111--2(a) (West 1992).

The trial court ruled that section 109--3.1(b)(2) of the Code (725 ILCS 5/109--3.1(b)(2) (West 1992)) allowed the State to file its information without afford­ing defendant a preliminary hearing because the charges of the information arose out of the same transaction or conduct which provided the basis for the earlier indictment.  Section 109--3.1(b) requires that a person in custody for the alleged commis­sion of a felony is entitled to a preliminary examination or indictment within 30 days of being taken into custody, or, if on bail or recog­ni­zance, within 60 days.  725 ILCS 5/109--3.1(b) (West 1992).  Section 109--

3.1(b)(2) provides that once a person is charged for an offense for which he is taken into custody, the section 109--3.1(b) limitations period does not apply to a subsequent indictment charging addi­tional offens­es arising out of the same trans­ac­tion or conduct.  725 ILCS 5/109--3.1(b)(2) (West 1992).  Thus, section 109--3.1(b)(2) is an exception to the limitations period for subsequent indictments, not a statu­tory autho­rization obviating the need for a prelimi­nary hearing when an information is substi­tuted for an indictment.

Having dispensed with the trial court's rationale for its ruling, we now consider whether the trial court's judg­ment can be sus­tained on another ground.  See 
People v. Paarlberg
, 243 Ill. App. 3d 731, 612 N.E.2d 106 (1993).  We turn first to the State's argu­ment that the trial court committed no error because the charges of the information arose out of the same transaction or conduct as those charged in the indictment.  The State analogizes to section 111--2(f) of the Code in support of its claim.  725 ILCS 5/111--2(f) (West 1992).

Section 111--2(f) allows the State to amend an infor­ma­tion to charge addi­tional offenses arising out of the same transaction or occur­rence without a prelim­i­nary hear­ing.  Howev­er, there is no similar statu­to­ry provi­sion permit­ting the State to alter the substance of an indict­ment by filing an infor­ma­tion without affording the accused a right to a prelim­i­nary hearing.  See 
People v. Taylor
, 153 Ill. App. 3d 710, 506 N.E.2d 321 (1987).  Therefore, the State's reliance on section 111--2(f) is misconceived.

Next, the State contends that this court should construe the State's infor­ma­tion as an amend­ment to an indictment.  The State cites no authority to support the proposition that an information can be considered an amended indictment.  Moreover, even if an information could be considered an amended indictment, the information in this case would still be improper because it substantively alters the charges included in the indict­ment. 

Where a defen­dant is charged by indict­ment, the State may not amend the indict­ment, except to cure formal de­fects.  
People v. Kincaid
, 87 Ill. 2d 107, 429 N.E.2d 508 (1981).  If an amendment is sub­stan­tive, the State must either return to the grand jury for a further indict­ment or file an infor­mation followed by a prelimi­nary hearing or obtain a waiver of a preliminary hear­ing.  
People v. Cregar
, 172 Ill. App. 3d 807, 526 N.E.2d 1376 (1988).  An amend­ment is sub­stan­tive if it alters an essen­tial element of the offense for which the accused was indicted.  
People v. Patterson
, 267 Ill. App. 3d 933, 642 N.E.2d 866 (1994).

In a prosecution for hate crime, the State must prove that the accused committed one of the predicate offenses enumerated in the statute "by reason of the actual or perceived race *** of another individual ***."  720 ILCS 5/12--7.1(a) (West 1994).  An allega­tion that the accused committed one of the enumerated predicate offenses is an essential element of a hate crime.  
See 
In re B.C.
, 176 Ill. 2d 536, 680 N.E.2d 1355 (1997).

Here, defendant was indicted for one count of hate crime based on disorderly conduct (720 ILCS 5/26--1(a)(1) (West 1992)) arising out of the events of Octo­ber 23, 1993, and one count of hate crime predicated on assault (720 ILCS 5/12--1 (West 1992)) based on the events of Novem­ber 23, 1993.  The State's information added two counts of hate crime premised on two variations of disor­derly conduct (720 ILCS 5/26--1(a)(1),(5) (West 1992)) related to the events of November 23.  By the addition of these predi­cate crimes, the State altered the essential ele­ments of the crimes for which defendant was indicted.  Accord­ingly, the allega­tions of the State's information resulted in a substantive alteration of the indictment.  There­fore, defen­dant was entitled to a proba­ble cause deter­mi­na­tion, either by a further indict­ment or a preliminary hearing on the informa­tion.

Finally, the State argues that defendant's convic­tions should stand because he suffered no prejudice stemming from the trial court's denial of his right to a preliminary hearing.  The State calls to our attention the trial court's vacatur of the count III convic­tion and the State's confession of error on count IV.  By removing these convictions, defendant would stand convicted of counts I and II which are essentially the same charges that had been alleged in the indict­ment.

Howev­er, even assum­ing, 
arguen­do
, that the State is correct in its asser­tion that defendant suffered no preju­dice, the disposition of this appeal would not change.  In the case at bar, defendant raised a timely, pre-trial objec­tion, demanded a preliminary hearing, and filed a timely motion in arrest of judgment.  According­ly, defendant need not show he was preju­diced by the depri­va­tion of his right to a prelimi­nary hearing.  See 
People v. Benitez
, 169 Ill. 2d 245, 661 N.E.2d 344 (1996) (showing of prejudice unnecessary when defen­dant objected to charging instrument on second day of trial); 
People v. Thingvold
 145 Ill. 2d 441, 584 N.E.2d 89 (1991) (where indictment or information is attacked before trial, it must strictly comply with pleading requirements of Code of Criminal Procedure); 
cf.
 
People v. Gilmore
, 63 Ill. 2d 23, 344 N.E.2d 456 (1976) (defendant raising challenge to charg­ing instrument for first time on appeal must show preju­dice).  Therefore, the State's argument concerning lack of prejudice is unavailing.

In summary, we hold defendant was entitled to a preliminary hearing on the State's information and his convictions must be reversed.  It should be noted that reversal of defendant's convictions does not bar the State from retrying defendant on the same charges after affording him a probable cause determination, either by a grand jury or by a preliminary hearing.  

As a final matter, defendant also contends that his conviction on count IV of the State's information must be vacated because it is based on the same conduct as count II and, therefore, violates the one-act-one-crime principle.  The State confesses error on this point.  We are in agreement with the parties that defendant's conviction on count IV violates the one-

act-one-crime princi­ple.  See generally 
People v. King
, 66 Ill. 2d 551, 363 N.E.2d 838 (1977).  However, due to our dispo­si­tion of the first issue raised on appeal, it is unneces­sary to vacate the conviction. 

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE and LYTTON, J.J., concur.