2023 IL App (1st) 210283-U

No. 1-21-0283

Order filed September 29, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 MC4 5824 |
| | ) | |
| MICHAEL CLARK, | ) | Honorable |
| | ) | Kristyna C. Ryan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE R. VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the trial court's decision finding defendant guilty of reckless driving over his contention that the State failed to prove him guilty beyond a reasonable doubt.

¶ 2   Following a bench trial, defendant Michael Clark was found guilty of reckless driving, improper overtaking on the right, and failure to stop at a railroad crossing, and sentenced to 12 months of supervision. On appeal, defendant contends that the trial court's finding of guilt should be reversed as the evidence was insufficient to prove beyond a reasonable doubt that he drove with

a willful or wanton disregard for the safety of persons or property. Defendant also argues that in finding him guilty of reckless driving, the trial court relied on facts not in evidence and made unreasonable inferences that were unsupported by the evidence. For the following reasons, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4     Defendant was ticketed for nine traffic violations and the State proceeded to trial on four of them. Specifically, reckless driving (625 ILCS 5/11-503(a)(1) (West 2016)), improper overtaking on the right (*id.* § 11-704(a)), failure to stop at a railroad crossing (*id.* § 11-1202(a)(1)), and driving under the influence of drugs (DUI) (*id.* § 11-501(a)(4)).

¶ 5     At trial, Cicero police officer Robert Richert testified that, on December 7, 2017, he was stopped at a railroad crossing while on patrol in his marked police car. As the railroad crossing lights started to flash and the gates began lowering, a red car "flew by" him on the right, weaving in and out of the lane. Richert saw sparks emitting from below the car as it drove underneath the railroad crossing gates. Richert activated his lights and followed the red car for approximately a block, at which point the car struck a curb and stopped. Richert got out of his car and called for assistance. Defendant's hands emerged from the red car's open moonroof and he said, "don't shoot, don't shoot." Richert then saw defendant stand up through the moonroof. Richert subsequently searched defendant's car and found no contraband within it.

¶ 6     Richert identified photographs of defendant's car at the scene, which the State moved into evidence. The photographs included in the record on appeal show that the front passenger-side wheel is a bare metal rim with no tire. The photographs further show that the bottom portion of the metal rim is missing and sits flat on the road.

¶ 7      Cicero police officer Joseph Sirgedas testified that when he arrived on the scene he saw defendant attempting to exit a parked red car through the car's moonroof. After he watched defendant climb through the car's moonroof, Sirgedas testified that defendant had a "blank stare on his face*** like he was not sure where he was at." Defendant told Sirgedas that "he had smoked cannabis laced with PCP," but refused to take a field sobriety test. Sirgedas arrested defendant and transported him to the Cicero police station. At the police station, Sirgedas observed the defendant hyperventilating and he appeared as though he was going to vomit. Sirgedas called for an ambulance, which transported defendant to a hospital. Sirgedas testified that based on his observations of and interactions with defendant, he believed that defendant was "under the influence of something."

¶ 8      Defendant moved for a directed finding on all counts. The trial court granted the motion on the DUI count.

¶ 9      Defendant testified that his "car was in perfect working order" when he began driving it on December 7, 2017. Defendant claimed that he was unable to brake as he approached the railroad crossing and therefore lost control of the car due to an unexpected mechanical issue outside of his control. Defendant stated that he "ended up going across the railroad tracks." He further stated that after crossing the tracks, he saw police lights and tried to pull over but was still unable to brake, so he drove into a curb to stop. Defendant raised his hands through the moonroof and climbed out of the car through the moonroof. He recalled being taken into custody and subsequently going to the hospital because he "wasn't feeling well" due to the "[s]tress of the situation."

¶ 10      In closing, the State essentially argued that defendant knew he could not safely drive his car on the road prior to approaching the railroad crossing, yet he still drove under the partially

closed railroad crossing gates and continued driving for another block before he stopped. The State also emphasized that defendant exited the car through the moonroof, admitted to smoking cannabis laced with PCP, appeared paranoid, was hyperventilating, and appeared as though he was about to vomit during and shortly after the incident. Defendant argued that the State failed to prove that he drove with a willful or wanton disregard for the safety of persons or property. He contended that because of "mechanical issues," he inadvertently lost control of his car as he approached the railroad crossing and therefore drove through the crossing and into a curb on the other side. Defendant also noted that Richert did not testify to the exact speed at which he was driving.

¶ 11     The trial court found defendant guilty of reckless driving, improper overtaking on the right, and failure to stop at a railroad crossing. The court found that both officers testified credibly, and that defendant's testimony was not "completely credible." Specifically, the trial judge found defendant's testimony that "he didn't have any problems with the vehicle until just before approaching the railroad crossing" was inconsistent with Richert's testimony and with the photographs of defendant's car's damaged rim with no tire. The trial judge resolved the credibility issues in favor of the State's witnesses rather than the defendant.

¶ 12     Defendant filed a motion for a new trial, arguing that the State failed to prove him guilty beyond a reasonable doubt. Defendant contended that he did not have the necessary mental state to commit reckless driving because he lost control of the car due to mechanical issues outside of his control. Also, the single traffic offense of failure to stop at the railroad crossing did not establish that he drove recklessly. The trial court denied defendant's motion and sentenced him to 12 months of supervision.

¶ 13     Defendant successfully completed the court supervision and timely appealed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant contends that the State failed to prove him guilty of reckless driving beyond a reasonable doubt. Specifically, defendant challenges that the evidence failed to show that he acted willfully and wantonly, in disregard for the safety of others.

¶ 16    A defendant may appeal the trial court's finding of guilt, even after he successfully completes court supervision and the charges against him are dropped. See *People v. Vanhoose*, 2020 IL App (5th) 170247, ¶ 20. Because this is a challenge to the sufficiency of the evidence, we "must determine whether *any* rational trier of fact could have found [defendant] guilty when the totality of the evidence is viewed in the light most favorable to the State." (Emphasis in original.) *People v. Grunin*, 2022 IL App (1st) 200598, ¶ 49 (quoting *People v. McLaurin*, 2020 IL 124563, ¶ 22). We draw all reasonable inferences from the evidence in the State's favor. *Id.* We do not retry the defendant, and we will not substitute our judgment for that of the trial court on issues involving the weight of the evidence or witness credibility. *Id.* We may only reverse defendant's conviction if "the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." *People v. Jones*, 2023 IL 127810, ¶ 28; see also *People v. Rios*, 2022 IL App (1st) 171509, ¶ 49 (circumstantial evidence may sustain criminal convictions).

¶ 17    To prove that a defendant is guilty of reckless driving, the State must show that the defendant drove his "vehicle with a willful and wanton disregard for the safety of persons or property." 625 ILCS 5/11-503(a)(1) (West 2016). Committing multiple traffic offenses in the same incident may show the driver's willful and wanton disregard for the safety of others. *People v. Paarlberg*, 243 Ill. App. 3d 731, 735 (1993).

¶ 18    Defendant primarily argues that the trial court should have accepted his version of events (that he lost control of his car due to unforeseen mechanical issues as he approached the railroad crossing) as more plausible. However, the trial court rejected defendant's account, and we will not revisit the trial court's credibility findings. See *People v. Cunningham*, 212 Ill. 2d 274, 280-84 (2004).

¶ 19    The evidence showed that defendant "flew" through the railroad crossing on a bare metal rim with no tire. The photographs show that the front passenger-side wheel of defendant's car is a damaged metal rim with the bottom portion missing and no tire, that sits flat on the road. A reasonable inference can be made that defendant must have driven for some time on the metal rim, to have worn it down so much. Richert's testimony established that defendant drove through the railroad crossing at a high rate of speed while the crossing gates were lowering and warning lights were flashing. Richert also testified that he saw sparks emitting from underneath defendant's vehicle. Not only did defendant drive through a railroad crossing as it was closing, but he did so in a car without a functional front passenger-side tire. Any reasonable factfinder could conclude that defendant's actions were willful, wanton, and reckless. See *Grunin*, 2022 IL App (1st) 200598, ¶ 49. We also note that defendant committed two other traffic violations – improper overtaking on the right and failure to stop at a railroad crossing. This further supports a finding of willful and wanton conduct. See *Paarlberg*, 243 Ill. App. 3d at 735.

¶ 20    Defendant also argues that the trial court made unreasonable inferences unsupported by the evidence. He contends the trial court improperly concluded that his testimony was inconsistent with the photographs of defendant's car's damaged rim. He argues that the State did not provide any evidence on the condition of the car's tires from before the incident. He contends that based

on the photographs of the damage, the court unreasonably inferred he must have been driving with a bare rim for some time before reaching the railroad crossing. Defendant claims that expert testimony is required to determine how long it takes to damage a car's rims after getting a flat tire, and the State failed to provide any such testimony. Defendant cites *Hood v. Leighty,* 2020 IL App (5th) 190338, ¶ 40, in support.[1] However, *Hood* does not stand for the proposition that the court may only make inferences about the condition of a car's wheel if an expert testifies. Rather, the court may make reasonable inferences from any evidence presented at trial. *Grunin*, 2022 IL App (1st) 200598, ¶ 49. Based on the totality of the evidence, we find that it was reasonable for the trial court to infer that defendant had been driving on the bare rim well before reaching the railroad crossing because the bottom portion of the damaged rim is missing, has no tire, and sits flat on the road. See *Rios*, 2022 IL App (1st) 171509, ¶ 49 ("To prove guilt beyond a reasonable doubt does not mean that a [factfinder] must disregard the inferences that flow normally from the evidence before it.").

¶ 21    Accordingly, we find that the evidence established defendant's guilt of reckless driving beyond a reasonable doubt.

¶ 22                                    III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm the trial court's decision finding defendant guilty of reckless driving.

¶ 24    Affirmed.

---

[1] Defendant also asks us to take judicial notice of a study by the National Highway Transportation Safety Administration. However, as a court of review, we may not consider evidence that was not before the trial court and argued for the first time on appeal. *People v. Johnson*, 2021 IL App (1st) 200912, ¶ 18.